## NEAL v. HER HUSBAND.

The courts of this State have no jurisdiction of an action to dissolve a marriage contracted in another State, where the husband continues to reside, for causes originating there. The residence of the wife in this State will not give jurisdiction to its courts. C. C. 48, 122. The stat. of 2 April, 1832, relative to divorces, does not apply to such a case.

APPEAL from the District Court of Union, *Copley*, J. *Ray*, for the appellant. *May*, for the defendant.

The judgment of the court was pronounced by

SLIDELL, J. This is a suit by the wife against the husband, for a divorce *a vinculo matrimonii*. The plaintiff alleges that she is a resident of this State, that she was married to the defendant in the State of Arkansas, and that her husband still resides in Arkansas. The grounds alleged are the husband's ill treatment, adultery with a concubine kept by him in the common dwelling, &c., all occurring in the State of Arkansas. She prayed that an attorney might be appointed to represent him, he being a non-resident. The attorney appointed filed an exception to the jurisdiction of the court, which was sustained, and the plaintiff has appealed.

The court below did not err. Under the well settled jurisprudence of all the States of this Union with whose jurisprudence we have any acquaintance, and in view of the principles expressly established by our own statutes, and especially of those provisions of our Code which declare that, a married woman has no other domicil than that of her husband, and that she must follow him wherever he chooses to reside, it is manifest that no court of this State should entertain this suit to dissolve a marriage, contracted in Arkansas, where the husband continues to live, for causes there originating. It is unnecessary to detail the reasons of an opinion so obviously correct, and to cite adjudged cases. They may be found at large in Story's Conflict of Laws, chap. 7. See also Civil Code, articles 48, 122, &c.

The statute of 1832, which allows the wife to prosecute her suit for divorce contradictorily with an attorney appointed to represent the husband, has no application to a case like the present. The case there contemplated is that of a husband, who being charged with an infamous crime, has fled from this State to avoid punishment. *Judgment affirmed.*