D. Edwards *v* Ann Green, his Wife  ·

| 9  317|
| 52 1495|

Parties who did not contract marriage under or with reference to the laws of this State, cannot, in
our tribunals, base an action for divorce on matters which occurred in another State before they
had acquired a domicil in this. Although it may be competent in a suit here to offer evidence of
such matters, as tending to establish the habit of which complaint is made.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
*E. C. Mix*, for plaintiff and appellant.   *C. Roselius*, *M. Hahn* and *P. A.
Ducros*, *Jr.*, for defendant.

CAMPBELL, J. (BUCHANAN, J., dissenting.)   This is a suit for divorce.   The
parties were married in Great Britain, in 1831.   Soon after their marriage, they
removed to this country and for many years thereafter resided in Ohio.

During the last eight or ten years, plaintiff, who is an engineer or machinist,
has been in the habit of following his vocation in this State and in Texas, the
pursuit of which occupied his attention some eight or ten months of each year,
during which time he was necessarily absent from the matrimonial domicil,
which was in Cincinnati, where he had a house in which his wife and family
resided, and where they seem to have been provided with all the comforts suit-
able to their condition.   Having recently established himself in this city, he pro-
cured a house here for the residence of his family, and removed them in the
spring of 1851.   Some three weeks after their arrival, plaintiff left the common
residence which he had provided for his family, and though he still continued to
supply them with all things necessary, in October of the same year instituted
this suit.

He claims a divorce on various grounds.   That relied upon, is habitual intem-
perance.

The defendant, admitting the marriage, denies the allegations of plaintiff's
petition, claims alimony pending the suit, and, charging her husband with aban-
donment and with defamation of her character contained in the averments of
his petition, prays by way of reconvention for a separation from bed and board
and a separation of property.

Judgment was rendered in favor of defendant and against the plaintiff on his
demand.   It was further decreed that he should pay to her a monthly allowance,
and that the demand in reconvention on account of abandonment, remain open
for further proceedings, in accordance with Article 143 of the Civil Code.

A careful examination of the testimony bearing upon this branch of the case,
satisfies us that the judgment of the District Court is erroneous.   We do not
think that the withdrawal of plaintiff from the common dwelling, under the cir-
cumstances, proved such an abandonment, as in Article 141 of the Civil Code
gives rise to the action of separation from bed and board.   If, as we are inclined
to believe, the object of the husband was to provide a separate residence, pending
the suit which he contemplated bringing, his withdrawal cannot be said to have
been "without a lawful cause."   Nor is it an answer to this view, to say that,
though he left the common dwelling early in June, he did not institute his suit
until the 28th of October, inasmuch as the approaching summer vacations of
court would, in all probability, have prevented a trial; or it may be, that the
husband hoped that during this interval, the situation of his wife would prompt

EDWARDS
*v.*
GREEN.

her mind to such reflections as would induce a change in respect to the habit complained of.

With regard to the plaintiff's demand, we are of opinion that, under the evidence offered he is not entitled to a divorce. Even though it be conceded that the testimony adduced by plaintiff establishes that defendant, during her residence in Cincinnati, was an habitual drunkard, it does not appear that the habit continued after the spouses, by their removal to New Orleans, subjected themselves and the marital relations subsisting between them, to the jurisdiction of our laws; and we hold it to be sound doctrine, that parties who did not contract marriage under, or with reference to the laws of this State, cannot base, in our tribunals, an action for divorce, on matters which occurred in another State, before they had acquired a domicil in this, although it may be competent, in a suit here, to offer evidence of such matters, as tending to establish the habit of which complaint is made.

Plaintiff's witnesses, with the exception of his mother alone, depose to facts which occurred long before the removal of the parties to this State. *Isaac Edwards*, a brother, speaks the of habits of defendant before 1848, a period anterior to the enactment of the law making habitual intemperance a ground for divorce. He had never seen her since Dec., 1848, until last winter, when he visited the children of his brother, who were living with her, when, to use his own language, "he saw nothing of any consequence." Nor does it appear that this suit could be maintained under the laws of Ohio.

Mrs. *Goodloe*, another witness whose testimony is much relied on, states on cross-examination, that all the matters related by her happened four or five years ago. Indeed, the only witness who proves drunkenness on the part of defendant after her arrival in New Orleans, is the mother of the plaintiff, and she swears to but one instance, which, she says, was the immediate cause of the separation between them; nor does it appear that before this time the husband had any knowledge of the intemperate habits of his wife.

Giving to this testimony the fullest effect that can be claimed for it, it does not, in our opinion, establish habitual intemperance on the part of defendant, since she has become amenable to our laws regulating the conduct of married persons, though it may establish an isolated case of drunkenness.

It is proper too, to remark that Mrs. *Riley*, who descended the river with the parties when they removed to this place, and who has since been intimate with and a frequent visitor of defendant, and *Mary Riley*, the only servant employed in the house, who went to live with the defendant only a few days after the separation, and who has constantly resided with her since, both depose to the uniform propriety and sobriety of defendant's conduct and her exemplary treatment of her children. Dr. *Ridgley*, too, who as the physician of the family since their arrival in New Orleans, has frequently visited the house, deposes to the good conduct of defendant.

It is ordered, adjudged and decreed that the judgment of the District Court be annulled and reversed, and that there be judgment against the defendant on her demand in reconvention, dismissing the same. It is further adjudged that on the principal demand for a divorce, as set forth by plaintiff in his petition, there be judgment in favor of the defendant, as in case of nonsuit. The costs of both courts to be paid by plaintiff, as head of the community.

Rehearing refused.