## C. C. Muller *v.* Angeline Hilton.

The abandonment by one of the married persons of the other, which is made a ground of separation from bed and board, by Art. 141 of the Civil Code, to be a good cause of action, must have originated while the parties were domiciled in this State.

Where the marriage took place in New York, and the wife always lived there, the husband, who afterwards established his residence in Louisiana, cannot maintain an action for separation against his wife by summoning her to his domicil in Louisiana.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *J. Magne,* for plaintiff and appellant. *E. Bermudez,* for defendant.

Voorhies, J. The plaintiff sues his wife for a separation from bed and board on the ground of abandonment. He alleges that he married her in the month of June, 1845, in the city of New York, where she still resides; that in 1852, he left New York on business and went to the Republic of Mexico; that in 1854 he came to and established his residence in the city of New Orleans, where he has resided ever since, of which he has informed his wife, and, giving her a formal notice that he was ready to receive her, desired to know whether she was willing or not to come and join him here; to which she has given an evasive answer, equivalent to a refusal; and that her long absence from the matrimonial domicil has no lawful cause. His petition concludes with a prayer that she be cited, through a curator *ad hoc,* and that after the usual proceedings a separation from bed and board be decreed in his favor against her.

The curator *ad hoc,* appointed by the Judge *a quo,* excepted to the plaintiffs' petition, on the ground that it disclosed no cause of action.

Muller
v.
Hilton.

The court below having maintained the exception, the plaintiff has appealed.

"Separation, grounded on abandonment by one of the married persons, can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed." C. C. 141.

Under this Article of the Code, we do not think the present action is maintainable. Unless by a fiction of law, it is difficult to perceive how the defendant can be considered as having withdrawn from the common dwelling, when it is alleged by her husband that she still resides in New York, where the marriage was contracted. It is then certain that the abandonment or cause of action did not originate since the plaintiff acquired his alleged domicil in this State.

In *Edwards* v. *Green*, 9 An. 317, this court decided that no jurisdiction could be exercised in this State over causes of divorce, which arose while the parties were domiciled in another State. And this would seem to be the doctrine generally recognized by the States of this Union, whose jurisprudence we have consulted on the question. Indeed, in some cases, it has been held that a foreign judgment of divorce *a vinculo matrimonii*, did not have the effect of dissolving the marriage where it was contracted, although rendered while the parties were domiciled within the jurisdiction of the court rendering such judgment. 15 John. R., 121; 12 N. Hamp., 200; Ibid, 380; 10 Missouri, 296; 14 Mass., 229; 19 Ala. 499. The wife is certainly bound to to live with her husband and to follow him wherever he chooses to reside; hence it follows, we think, that her refusal to do so, while domiciled in this State, without a lawful cause, would entitle the husband to a separation from bed and board.

Judgment affirmed.

Re-hearing refused.