The opinion of the court was delivered by.
Breaux, J.
After the appeal had been dismissed in this ease in suit bearing same title, 52 Ann. 496, the judge of the district court rend *1494 ered a judgment sustaining an exception of no cause of action, filed by the curator ad hoc appointed by the court to represent the defendant, who is as plaintiff (her husband) alleges, in Benton Harbor, Michigan, where he avers she now resides, and at which place plaintiff and defendant were united in marriage in 1888. In our statement of the case in the 52nd Annual, cited supra, we recited the facts upon which plaintiff relies to obtain a divorce from his said wife.
Abandonment is the only ground upon which plaintiff bases his action. The last time he met his wife, he avers, was in another State, in 1897, and he has constantly urged her to- return to the matrimonial domicile in this State. In his petition, he asks that his wife be duly served with a copy of his petition and citation, and with a copy “of the notice to her, to return to the matrimonial domicile, to be served each month for three successive months, and that after the delays”, judgment be rendered granting him a divorce.
The plaintiff who prays for a divorce and not for a separation from bed and board, in any event, would not be entitled to a divorce a vinculo in an action brought on the ground of abandonment. The judgment of divorce would have to be preceded by a judgment of separation from bed and board. Harman vs. McLeland, 16 La. 26.
The contention is urged, on the part of plaintiff, that the decisions cited against him by the curator ad hoc are contrary to Article 120 C. 0., and plaintiff cites Gahn vs. Darbey, 36 Ann. 70, in which it was decided that the wife’s refusal to follow her husband to a new abode is an abandonment. We can only say, in answer, neither the decision cited by plaintiff, nor the article of the Code, can be considered as controlling, when, as in this case, the wife has never been within the court’s jurisdiction. It has always been held by the courts of this State that a husband can not leave the matrimonial domicile in another State and come here and obtain a dissolution of the marriage on grounds arising when he was not a resident of the State. The question has always been considered as jurisdictional, rendering- it legally impossible to sever the marriage ties without proper notification and bringing the one sued within the court’s jurisdiction.
It must be borne in mind that the asserted abandonment by the defendant of the matrimonial domicile was not from a domicile established by the husband with the wife, after the former came to reside here. The marriage in Michigan was legal and binding. It can not *1495 bo dissolved by the court of the domicile in this Stat&.f or abandonment prior to the change of residence from Michigan to this State.
“A marriage contracted in another State is not dissoluble on grounds antedating the domicile in Louisiana.” This has been repeatedly decided. Edwards vs. Green, 9 Ann., 317; Muller vs. Hilton, 13 Ann., 1; Champon vs. Champon, 40 Ann., 28; Larquie vs. His Wife, 40 Ann., 457.
Legislation looks to the permanence of marriage. It is to the best interest of society that it should be made permanent as far as possible. Marriage would, in many instances, cease to be characterized by permanence ; indeed, frequently the marriage state would be unsettled, if one of the parties could leave -the matrimonial domicile, and at his new home in a different State, obtain a divorce on grounds such as here alleged as having arisen in another State. This would leave one of the contracting parties free, at times, to dissolve a marriage not contradictorily with the other contracting party. It would give rise to confusion; for the authorities in the State in which the marriage was contracted, might refuse to recognize the validity of the judgment attempting to dissolve the ties. It might give rise to two families; one at the first domicile, and the other at the new domicile of the husband, should he avail himself of the right to marry again, as he is authorized to do after a divorce has been pronounced. The position of society would be seriously injured if such conditions were to arise.
We have seen that this court has refused to give its sanction to such petitions as here presented, and we must adhere to the ruling.
The judgment appealed from is therefore affirmed.