BRUNOT, J.
 

 From a judgment overruling an exception to the jurisdiction of the court 'ratione materite and ratione personae and decreeing a separation “a mensa et thoro” between the spouses, the defendant appeals.
 

 The record discloses that prior to the marriage neither the plaintiff nor defendant had ever lived in Louisiana. Plaintiff resided in College, Tex., and defendant resided in Pryor, Okl. The plaintiff and defendant were married in Oklahoma on July 17, 1911, and immediately after the marriage ceremony the defendant abandoned the matrimonial domicile and has ever since refused to live with the plaintiff. Plaintiff removed to and located in the city of New Orleans, this state, on January 17,
 
 *931
 
 1915, and on the 18th day of October, 1920, he filed this suit in the civil district court for the parish of Orleans. The defendant, being a nonresident, was represented by a curator ad hoe, contradictorily with whom the suit is prosecuted.
 

 The curator ad hoc contends that—
 

 “The courts of Louisiana will not entertain a suit for divorce or separation for a cause originating elsewhere and prior to the acquisition by the parties, or by the plaintiff, of a residence or. domicile in this state save in a case where the marriage' having taken place here and the spouses having removed to a foreign country, the wife returning here complains of treatment by her husband while they were abroad, which under our law would entitle her to a separation from bed and board.”
 

 The contention of the curator ad hoc is supported by the following decisions of this court: Neal v. Her Husband, 1 La. Ann. 315; Edwards v. Green, 9 La. Ann. 317; Muller v. Hilton, 13 La. Ann. 1, 71 Am. Dec. 504; Champon v. Champon, 40 La. Ann. 30, 3 So. 397; Heath v. Heath, 42 La. Ann. 437, 7 So. 540; Nicholas v. Maddox, 52 La. Ann. 1493, 27 So. 966; Blake v. Dudley, 111 La. 1096, 36 So. 203; Stevens v. Allen, 139 La. 658, 71 So. 936, L. R. A. 1916E, 1115; Lepenser v. Griffin, 146 La. 586, S3 So. 839.
 

 We think it is the uniform and consistent jurisprudence of this state that, where both spouses were nonresident's of Louisiana, and the marriage was not contracted in this state, and the cause of action arose prior to the acquisition of a Louisiana domicile by either, the courts of this state will not entertain suits, instituted by either spouse, foi; separation from bed and board or for divorce.
 

 In Neal v. Her Husband, 1 La. Ann. 315, this court held:
 

 “The courts of this state have no jurisdiction of an action to dissolve a marriage contracted in another state, where the husband continues to reside, for causes originating there. The residence of the wife in this state will not give jurisdiction to its courts.”
 

 In Edwards v. Green, 9 La. Ann. 317, this court said:
 

 “And we hold it to be sound doctrine, that parties who did not contract marriage under, or-with reference to the laws of this state, cannot base, in our tribunals, an action for divorce, on matters which occurred in another state, before they had acquired a domicile in this. * * * I!
 

 In Muller v. Hilton, 13 La. Ann. 1, it was held:
 

 “The abandonment by one of the married persons of the other, which is made ground for separation from bed and board, by article 141 of the Civil Code, to be a good cause of action, must have originated while the parties were domiciled in this state. Where the marriage took place in New York, and the wife always lived there, the husband, who afterwards established his residence in Louisiana, cannot maintain an action for separation against his wife by summoning her to his domicile in Louisiana.”
 

 In Champon v. Champon, 40 La. Ann. 28, 3 So. 397, it was held:
 

 “Where a marriage is solemnized in France, and the husband subsequently abandons his wife and comes to Louisiana, he cannot prosecute a suit against his abandoned wife for a divorce in a court in this state by causing a curator ad hoc to be appointed to represent her, through whom she is cited, and wife is not notified of the proceedings and the judgment of divorce rendered in the suit will be regarded as rendered without citation and such judgment will be an absolute nullity.” -
 

 In Heath v. Heath, 42 La. Ann. 437, 7 So. 540, the court said:
 

 “The courts of Louisiana will not entertain suits for separation of bed and board and for divorce on matters which occurred in another state before the married parties acquired a domicile in the state.”
 

 In Nicholas v. Maddox, 52 La. Ann. 1493, 27 So. 966, the syllabus, in part, reads:
 

 “The court holds that while it is true that a wife’s refusal to follow her husband to a new abode is an abandonment, this is subordinate to another rule of law under which it has been repeatedly held that a marriage contracted in another state is not to be dissolved on grounds antedating the domicile in Louisiana. The
 
 *933
 
 wife never having heen domiciled here, the question is one of jurisdiction. It has always been held that a husband or wife who acquires a domicile in this state cannot maintain an action here against the absent spouse who never acquired a domicile in this state.”
 

 In Blake v. Dudley, 111 La. 1096, 36 So. 203, it was held that—
 

 “This court will refuse to entertain a suit for divorce brought by the husband for the adultery of the wife when there is neither allegation nor proof that the wife was ever in this state, nor allegation nor proof that the husband is domiciled in this state.”
 

 The learned trial judge, however, reached the conclusion that the cases of Stevens v. Allen, 139 La. 658, 71 So. 936, L. R. A. 1916E, 1115, George v. George, 143 La. 1032, 79 So. 832, and Lepenser v. Griffin, 146 La. 586, 83 So. 839, overrule the doctrine announced in Heath v. Heath, 42 La. Ann. 437, 7 So. 540. We are of the opinion that these cases can be differentiated from the Heath Case. In Stevens v. Allen, the right of the plaintiff to sue in the courts of this state is recognized because; except under certain circumstances, the domicile of the husband is the domicile of the wife, and—
 

 “A youth whose domicile is in Louisiana and who is appointed cadet in the military academy at West Point, and remains in the army until his voluntary retirement, after 30 years of continuous service, does not thereby forfeit such domicile.”
 

 In referring in its opinion to propositions of law which are beyond dispute in this state, the court says:
 

 “Voluntary absence of two years, or the acquisition of a domicile in any other state of the Union,, forfeits the domicile in this state; but, domicile, once acquired, is not forfeited by absence on business of the state or of the United States. C. C. 41, 46; State v. Poydras, 9 La. Ann. 167; Walden v. Canfield, 2 Rob. 466; Kinder v. Scharff, 125 La. 594; 51 South. 654; 14 Cyc. 850.”
 

 The significant part of the court’s opinion is found in the following'language:
 

 “We further conclude, however, that the plaintiff herein, being a bona fide citizen and resident of the state of Louisiana, is entitled to demand that the courts of this state shall exercise the jurisdiction, which the state has conferred on them, to determine his marital status within the limits of the state, and that,
 
 in the ease as presented,
 
 he would be entitled to the judgment prayed for irrespective of the fact that he was married in New York; that the cause of action originated there; that the defendant is residing there; and that she has never been, or lived with him, in Louisiana.” (Italics ours.)
 

 In the Stevens Case, as presented, the court found that the plaintiff had always been a citizen of and domiciled in this state; that the domicile of the husband was the domicile of the wife, and the court having jurisdiction of such domicile is the proper forum in which to sue the abandoning spouse for a separation from bed and board on account of the abandonment, regardless of where the marriage was contracted, where the cause of action originated, or whether or not the defendant in the suit was ever in this state.
 

 We do not think the Heath Case or the other decisions of this court in accord therewith are overruled by the decision in Stevens v. Allen, George v. George, or Lepenser v. Griffin.
 

 In the Southern Law Quarterly of August, 1917, Mr. Charles E. Dunbar, Jr., contributed an article in which he accurately reviews the decisions which, in our opinion, fix the jurisprudence of Louisiana in relation to the jurisdiction of our courts in suits for separation from bed and board and divorce. In this article Mr. Dunbar says:
 

 “In the first place it seems to be well settled and fundamental in Louisiana law that a separation from bed and board or divorce cannot be obtained in this state, for a cause which arises prior to the acquisition of a Louisiana domicile.”
 

 He cites twelve .decisions of this court in support of that proposition, including all of
 
 *935
 
 the authorities heretofore cited in this opinion. Continuing, he says:
 

 “This does not mean that at the time of the suit both spouses must be present or domiciled in Louisiana.”
 

 In Stevens v. Allen, it is conceded as an undisputed proposition of law that the domicile of the husband becomes the domicile of the wife on marriage, no matter where the marriage takes place. In that case the court found that the plaintiff had always been domiciled in Louisiana, and that finding of fact is the basis of the court’s opinion and decree. It is true the decision is not in exact .accord with the Heath Case, because in the Heath Case it is said that the cause of action must originate in this state. In the Stevens Case it is properly held that as the matrimonial domicile op. common dwelling was in this state, it is immaterial where the spouses were married or where the cause of action arose; but the Stevens Case does not disturb the settled law of this state, viz.: That a separation from bed and board or divorce cannot be obtained in this state for a cause of action which arises prior to the acquisition of a Louisiana domicile.
 

 As is correctly stated in appellant’s brief:
 

 “The public policy prompting this rule was evidently a determination that the courts of Louisiana should not become the asylum for dissatisfied spouses who might seek to obtain a divorce in this state, according to Louisiana law, for causes properly regulated and governed by the laws of their previous domicile, where they occurred. Any other rule of law, under the view of our jurisprudence, would encourage fraud upon the jurisdiction, seriously injure the common cause of morality and religion, and tend to corrupt and debase conjugal virtue.”
 

 We believe that the Stevens, George, and Lepenser Cases have been misconstrued. If closely reasoned and carefully analyzed, it will be found that they have not overruled or repealed the jurisprudence of this state, denying access to its courts for the assertion of demands in suits for separation from bed or board or divorce for causes originating outside of the state and prior to the acquisition, by the plaintiff, of a Louisiana domicile.
 

 For these reasons the judgment appealed from is avoided, and it is now decreed that the exception to the jurisdiction of the court ratione materi* and ratione personae be sustained and this suit dismissed at appellee’s cost.
 
 >
 

 ROGERS, J., concurs in the decree.