(116 So. 831)

No. 27138.

EVANS v. EVANS.

April 9, 1928.

George Wesley Smith, of Rayville, for appellant.

Ellis & Ellis, of Rayville, for appellee.

O'NIELL, C. J. The plaintiff has appealed from a judgment dismissing his suit on an exception to the jurisdiction of the court. The suit is for a judgment of separation from bed and board on the ground of abandonment. The plaintiff alleges that he is a resident of Richland parish, in this state; that he was married to the defendant in Meridian, Miss., on the 28th of April, 1901; that she abandoned the matrimonial domicile without good cause and refuses to return thereto, or to live with him; and that she is living in Meridian, Miss., at 2721 Seventh street. He prayed for and obtained the appointment of a curator ad hoc, on whom were served the citation and a copy of the petition, and the three demands on the defendant to return to the matrimonial domicile, which demands were served one month apart, as required by article 145 of the Civil Code. These demands to return to the matrimonial domicile, addressed to the defendant and served upon the curator ad hoc, did not indicate where the so-called matrimonial domicile was, but declared merely that, whereas, the plaintiff had alleged in his petition that his wife had withdrawn from the matrimonial domicile without just cause, therefore she was commanded to return to her "said matrimonial domicile without delay," or show cause why she neglected or refused so to do. The curator ad hoc did not file any plea or make an appearance in the case, except to qualify by taking the oath prescribed by law. It appears that he died soon after the third demand upon the defendant to return to the matrimonial domicile was served upon him. Thereafter the defendant employed a firm of lawyers, and they filed an exception to the jurisdiction of the court, averring that the defendant had never resided in Louisiana, and in fact had never been in this state. The plea to the jurisdiction was submitted on the pleadings, and on an admission that the plaintiff and defendant had never lived together in Louisiana, and in fact

that the defendant had never been in Louisiana.

Inasmuch as it is neither alleged nor proved that the plaintiff was domiciled in Louisiana when he married the defendant in Meridian, Miss., we assume that he came to Louisiana and acquired a domicile here after the defendant had abandoned the matrimonial domicile in Meridian, Miss., if in fact she did abandon the matrimonial domicile, as alleged in the plaintiff's petition.

The case was submitted on appeal without argument or brief for either the appellant or appellee.

█ It is well settled that the courts of Louisiana will not entertain a suit for divorce, or for separation from bed and board, for a cause which arose elsewhere and before the parties were domiciled in this state. Neal v. Her Husband, 1 La. Ann. 315; Edwards v. Green, 9 La. Ann. 317; Muller v. Hilton, 13 La. Ann. 1, 71 Am. Dec. 504; Cabellero v. Maduel, 26 La. Ann. 113; Champon v. Champon, 40 La. Ann. 30, 3 So. 397; Heath v. Heath, 42 La. Ann. 437, 7 So. 540; Nicholas v. Maddox, 52 La. Ann. 1493, 27 So. 966; Blake v. Dudley, 111 La. 1096, 36 So. 203; Clark v. Clark, 145 La. 740, 82 So. 875; Mathews v. Mathews, 157 La. 930, 103 So. 267.

█ No court has jurisdiction to render a judgment which will be binding upon the defendant personally, without service of citation on the defendant within the territorial jurisdiction of the court, except a court in whose jurisdiction the defendant has his or her domicile. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Haddock v. Haddock, 201 U. S. 567, 26 S. Ct. 525, 50 L. Ed. 868, 5 Ann. Cas. 1.

The rulings in the following cases were not contrary to the doctrine which we have announced, viz.: Larquie v. His Wife, 40 La. Ann. 457, 4 So. 335; Butler v. Washington, 45 La. Ann. 279, 12 So. 356, 19 L. R. A. 814; Stevens v. Allen, 139 La. 658, 71 So. 936, L.

R. A. 1916E, 1115; George v. George, 143 La. 1032, 79 So. 832; Lepenser v. Griffin, 146 La. 584, 83 So. 839; Atherton v. Atherton, 181 U. S. 157, 21 S. Ct. 544, 45 L. Ed. 795.

In Larquie v. His Wife, the plaintiff, having his domicile in Louisiana, married the defendant in France, and he and she thereafter lived together in New Orleans and established their matrimonial domicile here. Hence it was held that the court in New Orleans had jurisdiction to render a judgment of separation from bed and board against the wife, who, while sojourning in France, abandoned her husband, then in New Orleans, and refused to return to the matrimonial domicile in New Orleans.

In Butler v. Washington, the wife sued for and obtained a judgment of separation from bed and board, at the matrimonial domicile, in the parish of Ascension, Louisiana; and, after two years, she averred in a supplemental petition that there had been no reconciliation between her and her husband, and she prayed for an absolute divorce. Meantime the husband had left the state permanently; and, on proper allegation to that effect, a curator ad hoc was appointed to represent him, and the citation and a copy of the supplemental petition were served upon the curator ad hoc. On due proof that there had been no reconciliation between the husband and wife, she was granted a divorce. The husband afterwards sued to have the judgment of divorce declared a nullity, for want of citation and for want of jurisdiction ratione personæ. The court decided that the judgment of divorce was valid, because according to articles 138 and 139 of the Civil Code, the suit for divorce was merely a continuation of the suit for separation from bed and board, in which suit the court that rendered the judgment had jurisdiction and the defendant was duly cited.

In Stevens v. Allen the plaintiff, husband, was domiciled in New Orleans before and at

the time when, being an army officer and serving temporarily at an army post in Virginia, he married the defendant in Brooklyn, N. Y., and she abandoned him there. On his return to his domicile in New Orleans, he sued here for a separation from bed and board on the ground of abandonment, because of the wife's refusal to come and live with him here. The ruling on the question of jurisdiction was that the court in New Orleans had jurisdiction because the husband and wife had never established a matrimonial domicile elsewhere, and because the defendant, by marrying one whom she knew to be domiciled in New Orleans, made that place her domicile, and when he returned to his domicile it became the matrimonial domicile, to which the wife was obliged to come in obedience to his summons.

The case of George v. George was a suit for a divorce by the wife, and was brought in New Orleans, where the husband had his domicile. He pleaded—without avail, of course—that the suit should have been brought in Chicago, where the marriage took place, and where the matrimonial domicile was established originally.

Lepenser v. Griffin was a suit by the wife for a divorce on the ground that she and her husband had been living separate and apart for a period of 12 years, continuously, during which period she had resided continuously in New Orleans. The suit was founded upon the Act 269 of 1916, p. 557, declaring that any married person is entitled to obtain an absolute divorce in the state of his or her residence, on proof of having lived separate and apart from the other spouse continuously for seven years, provided such residence shall have been continuous during the period of seven years. The court construed the word "residence" as meaning a residence de facto et animo manendi, and as conferring citizenship upon such resident. The wife had acquired such a residence in New Orleans, having been compelled to abandon her husband in Chicago, because of his cruel treatment. The marriage had taken place in Memphis, Tenn. It was held that the court in New Orleans had jurisdiction to grant the wife a divorce, for the cause granted by the Act 269 of 1916, by service of citation upon a curator ad hoc, according to the provisions of the Act 296 of 1910. It may be doubted that the judgment of divorce in that case was entitled to full faith and credit in any other state, in the light of Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1. But that is a matter of no importance in the present case; and it was perhaps deemed unimportant in the case in which the judgment of divorce was rendered —considering the long duration of the husband's absence and lack of interest in his wife or her whereabouts. The judgment was valid so far as the Act 269 of 1916, and the decree rendered pursuant thereto, fixed the marital status of the citizen of this state; for Haddock v. Haddock does not deny the fundamental proposition that each of the states has the right to establish for its citizens, and for all persons subject to its jurisdiction, its own policy and rules and regulations regarding marriage and divorce. Haddock v. Haddock merely forbids a court to extend its jurisdiction to the person of a citizen of another state, under the pretense or in the effort to grant a divorce only to a citizen of the state in which alone the court has jurisdiction. The anomaly, in a case like Haddock v. Haddock, results from the impossibility of divorcing a wife from her husband without also divorcing the husband from his wife, or vice versa; hence the impossibility of reconciling, with the full faith and credit clause of the Constitution, the exclusive right of each state to control and regulate the marital status of its citizens in the case of a marriage between citizens of different states. The solution to this difficulty

ought to be found in the refusal of the courts to render a judgment of divorce unless it will be binding upon the defendant and be entitled to full faith and credit in every state. As Mr. Justice Holmes said, in his dissenting opinion in Haddock v. Haddock, the Connecticut court which rendered the judgment of divorce in that case had no thought that its judgment would not be entitled to full faith and credit in another state.

In Atherton v. Atherton, 181 U. S. 157, 21 S. Ct. 544, 45 L. Ed. 795, the parties were married at the residence of the wife, in Clinton, N. Y., and went immediately to the home of the husband, in Louisville, Ky., and resided together there for three years, when she left her husband and returned to her mother's home in Clinton, N. Y. The parties had quarreled, and their separation was pursuant to a written agreement between them regarding the care and support of their child, born in Louisville, and taken by the mother to Clinton. More than a year afterwards, the husband sued for and obtained a divorce in Louisville, by service of citation on a local attorney appointed to defend the wife, according to a Kentucky statute. About the same time, the wife brought suit at her place of residence, in New York, for a separation from bed and board on the ground of cruel treatment on the part of the husband in Louisville. The husband, having first obtained judgment, in the Louisville court, set up the judgment in bar of the wife's suit in New York. The New York court decided that the judgment of the Louisville court was void and was therefore not a bar to the wife's suit in New York, and gave judgment in favor of the wife for a separation from bed and board and for the custody of the child. The judgment was affirmed by the Court of Appeals of New York. The husband sued out a writ of error, on the ground that the New York courts had not given full faith and credit to the decree of the Kentucky court;

and the Supreme Court of the United States reversed the judgment of the New York courts and declared that the judgment rendered by the Kentucky court, being rendered at the place of the matrimonial domicile, was a valid judgment, entitled to full faith and credit in every state, under the first section or the fourth article of the Constitution of the United States. The ruling in that case is therefore easily reconciled with the subsequent ruling in Haddock v. Haddock.

A careful study of the facts of each case shows that there is really no conflict in our jurisprudence on this subject. In Clark v. Clark, 145 La. 745, 82 So. 876, the court, after reviewing the decisions on the subject, said:

"In every case to which counsel for defendant refer us, it was the husband who came into Louisiana, and, having acquired a domicile here, sued his wife for a divorce, or for separation from bed and board, for a cause that had occurred in another state before he had acquired a domicile in Louisiana; and in every such case, of course, it was held that the husband could not, by substituted process, subject his wife to the jurisdiction of a court in Louisiana, where there was neither a matrimonial domicile nor separate domicile of the wife. The aphorism that the domicile of the husband is that of the wife does not express the law accurately. What is meant by the maxim is that, if there be a matrimonial domicile, it is also the domicile of the wife; for, if there be no matrimonial domicile, the husband and wife may have separate domiciles, or be subject each to a separate jurisdiction, ratione personæ."

Article 142 of the Civil Code, by necessary implication, provides, with regard to marriages contracted outside of this state, that, if the parties have not established a matrimonial domicile in this state, the defendant in a suit for divorce or for separation from bed and board may insist that the suit shall be brought at his or her domicile. The article declares that, if the marriage shall have been contracted in this state, and the parties afterwards establish a matrimonial domicile in a foreign country, and the husband is guilty of such behavior there as would entitle

the wife to a separation from bed and board under the laws of Louisiana, she, "on returning to the domicile where her marriage was contracted," may sue for the separation from bed and board, "in the same manner as if they were still domiciliated in said place, any law to the contrary notwithstanding," and may cite the husband through an attorney appointed by the court to represent him. There was no such article in the Code of 1825, and there would be no reason for its being in the revision of 1870 if the place where the marriage was contracted—and the place of the matrimonial domicile at the time of the wrong complained of in a suit for divorce or for separation from bed and board—were matters of no importance in determining the question of jurisdiction.

The judgment is affirmed.

ST. PAUL, J., dissents.