LAND, Justice.
 

 This is a suit for separation from bed and board, with an incidental demand for alimony pendente lite in the sum of $150 per month.
 

 Defendant excepted to the jurisdiction of the district court for the parish of Acadia, in which the suit was brought, ratione person» and ratione materi», both as to the main de-, mand and as to the incidental demand. These exceptions were overruled.
 

 The rule for alimony was then tried, and judgment was rendered against defendant for alimony pendente lite at the rate of $75
 
 *91
 
 per month from date of judicial demand; the accrued alimony for three months to he paid forthwith, and the remaining alimony to be paid on the 17th day of each month.
 

 From this judgment defendant has suspensively appealed to this court.
 

 On page 18 of plaintiff’s brief we find the following statement: “The court found, and since we concur in his findings, we desire to follow his findings and opinion, in this regard, to-wit: (1) That the proceedings herein were not founded upon the provisions of Oiv. Code, art. 142, as amended; (2) That the plaintiff wife was at the time of bringing her suit, and theretofore, a non-resident; (3) That the husband was at the time of bringing said suit a resident of the Parish of Acadia; and (4) That the wife’s cause of complaint, viz.,
 
 her abandonment by her husband, while originating in a State other than Louisiana, had continued uninterrupted
 
 until defendant husband became a resident of Acadia Parish, Louisiana, and while he was a resident of Acadia,
 
 thus constituting an abandonment here.”
 
 (Italics ours.)
 

 It is alleged by plaintiff that she is a resident of Atlanta, Ga.; that she was married to defendant in the city of New Orleans, La., January 21, 1911; that immediately thereafter, she and her husband established their matrimonial domicile in the city of New Orleans, parish of Orleans; and that, after remaining there for some time, they moved to Jacksonville, Fla.; from there to Atlanta, Ga.; and thence to Vicksburg, Miss.
 

 Plaintiff alleges that while she and her husband were residing in Vicksburg, Miss., during the month of April or May, 1916, he abandoned her, without cause or provocation, and has never since returned to her, and that it became necessary for her to return to her native home in Atlanta, Ga., to establish her residence and' domicile with her people.
 

 The parties to this suit were married in Louisiana, and established a matrimonial domicile in the city of New. Orleans, parish of Orleans, where the marriage was contracted. They removed to and established domiciles in other states. During that time, the alleged abandonment occurred.
 

 The plaintiff established a residence and domicile in the state of Georgia in 1916, and her residence and domicile there has continued until this day.
 

 Conceding that plaintiff may have brought this suit under article 142 of the Civil Code, as amended, had she returned to the matrimonial domicile in the city of New Orleans, within any reasonable intendment of the law, yet she has never returned at all to the matrimonial domicile in the city of New Orleans. Nor have the parties to this suit, after the marriage in the city of New Orleans, ever resided together in the parish of Acadia, where the suit was instituted. In fact, plaintiff was never in the parish of Acadia, other than for a few days to testify at the trial of the rule for alimony.
 

 The right of a wife to return to the state of Louisiana, where the marriage was contracted, after a matrimonial domicile has been established elsewhere, for the purpose of filing a suit for separation from bed and board, on account of the misconduct of her husband in another state, is fully discussed in the case of Hyman, Lichtenstein & Co. v.
 
 *93
 
 Sehlenker & Hirsch, 44 La. Ann. 108, 120, 121, 122, 10 So. 623, 627. It is said in that ease: “The wife here has not
 
 returned
 
 ‘to the domicile where her marriage was contracted,’
 
 tcithin any reasonable intendment of the law.
 
 * * *
 

 “It would hardly he supposed that a married woman domiciled in Mississippi could run over into the state of Louisiana for a day,
 
 voithout any intention of remaining here, or resuming her residence,
 
 institute an action for a separation from bed and board leading to divorce, return instantly to her Mississippi domicile, and claim a decree in such a case
 
 that any court in Christendom would grant or respect.
 
 We had occasion recently to consider the rights of a married woman in such a case, and the limitations upon her right to invoke the jurisdiction of her original matrimonial domicile. Smith v. Smith, 43 La. Ann. 1140, 10 So. 248.
 

 “No such case was contemplated by the law, which only intended to extend its protection to women married here, whose husbands, domiciled in another country, had so mistreated them as to justify them in leaving the matrimonial domicile
 
 and in returning to their former
 
 homes,
 
 to live under and to receive the protection of its laws.”
 
 (Italics ours.)
 

 Plaintiff’s husband abandoned her in the state of Mississippi in the -year, 1916 Instead of returning to the matrimonial domicile in the city of New Orleans thereafter, and suing her husband for a divorce,
 
 under
 
 article 142 of the Civil Code, which gave her that right, although the abandonment occurred in another state, plaintiff returned to her native home in Atlanta, Ga., in the year 1916, and resided there continuously until the filing of the present suit August 14, 1934, a period of 18 years.
 

 The defendant husband has recently inherited some property and money in the parish of Acadia in this state.
 

 In a supplemental petition, plaintiff alleges that “although her said husband continues to a certain extent to be a wanderer, he is now, and has been ever since December 19, 1933, if not for a longer period, a resident of the Parish of Acadia, wherein he is now and has been domiciliated during the period above stated.”
 

 Plaintiff does not pray that her husband . be summoned to return to any matrimonial domicile whatever. Nor does she allege that she has ever presented herself at the residence of her husband in Acadia parish and demanded that he receive her there, and that he has refused to do so.
 

 In our opinion, the district court of Acadia parish is without jurisdiction ratione mátense to try this suit, under any aspect of this case.
 

 In the first place, the suit was not brought by the plaintiff in a district court at the matrimonial domicile established by the parties in the city of New Orleans, immediately after their marriage in that city on January 21, 1911.
 

 Nor has plaintiff ever
 
 “returned”
 
 to the matrimonial domicile in the city of New Orleans, “within any reasonable intendment of the law,” so as to bring her suit within the requirements of article 142 of the Civil Code of this state.
 

 
 *95
 
 Plaintiff has cited the case of Clark v. Clark, 145 La. 740, 82 So. 875, as authority sustaining the jurisdiction of the district court of the parish of Acadia in the present case. However, there is not the slightest analogy between the Clark Case and the case at bar. It is true that, in the Clark Case, the marriage was contracted in another state and that the first abandonment took place there; but plaintiff, in the Clark Case, specifically averred in her petition and proved on the trial of the case
 
 that she had repeatedly presented herself at the residence of her husband in this state and that he had repeatedly refused to receive her as his mfe.
 
 Under this state of facts, it is clear that, in the Clark Case, a second or new abandonment had taken place within this state, and, for that reason, the lower court in that case had jurisdiction of the res.
 

 In Mann v. Mann, 170 La. 958, 964, 965, 129 So. 543, 545, it is said by this court, through Justice Thompson as its organ: “In the more recent case of Mathews v. Mathews, 157 La. 930, 103 So. 267, this court said:
 

 “ ‘We think it is the uniform and consistent jurisprudence of this state that, where both spouses were nonresidents of Louisiana, and the marriage was not contracted in this state, and the cause of action arose prior to the acquisition of a Louisiana domicile by either, the courts of this state will not entertain suits, instituted by either spouse, for separation from bed and board or for divorce.’ [Citing numerous authorities.]
 

 “In Clark v. Clark, 145 La. 740, 82 So. 875, 876, the parties were married in .another state and the husband abandoned his wife and came to Louisiana to reside,
 
 and refused persistently to live with the plaintiff or to receive her at his residence in this state.
 

 “The court held that the action of the wife
 
 under such circumstances
 
 in a Louisiana court, or the jurisdiction of a Louisiana court to entertain her suit, for separation from bed and board on the ground of abandonment, did not depend upon her having had either a separate or a matrimonial domicile in Louisiana before or at the time her husband abandoned her in Arkansas, since he had established a domicile in Louisiana
 
 and persists in his refusal to Uve loith his wife or to receive her at his residence.
 

 “There is no conflict between that ease
 
 [the Clark Case]
 
 and the cases we have cited."
 
 (Italics ours.)
 

 Had this court held in the Clark Case that the court below had jurisdiction, ratione materise, merely because the defendant husband resided in the state of Louisiana, that case would have been contrary to the uniform and consistent jurisprudence of this state and would have been overruled.
 

 Under article 120 of the Civil Code of this state “the husband is obliged to receive her [the wife] and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition.”
 

 It follows necessarily from the provisions of this article that it is as much an abandonment in this state for a husband, without just cause, to refuse to receive his wife at his residence here and to provide for her, as it would be for the husband, without just cause, to leave the matrimonial domicile in this state.
 

 
 *97
 
 In the Clark Case it is therefore apparent that the lower court had jurisdiction of the res.
 

 As said in Evans v. Evans, 166 La. 145, at page 147, 116 So. 831, 832: “It is well settled that the courts of Louisiana will not entertain a suit for divorce, or for separation from bed and board,
 
 for a cause which arose elsewhere and before
 
 the parties were domiciled in this state.” (Citing numerous cases, including Mathews v. Mathews, 157 La. 930, 103 So. 267). (Italics ours.)
 

 The only instance in which a suit for separation from bed and board or divorce may be brought in the courts of this state, “for a cause arising elsewhere,”
 
 is where the marriage has been contracted in this state,
 
 and the parties afterwards establish a matrimonial domicile in another state, or in a foreign country, and the husband is guilty of such behavior there as would entitle the wife to a separation from bed and board under the laws of Louisiana.
 

 In such a ease, the wife may return “to the domicile where said marriage was contracted,” and may sue for separation from bed and board or divorce “in the same manner as if they were still domiciliated in said place, any law to the contrary notwithstanding.” Civ. Code, art. 142.
 

 If the place where the marriage was contracted and the place of the matrimonial domicile, at the time of the wrong complained of in a suit for divorce or separation from bed and board, were matters of no importance in determining the question of jurisdiction, there would be no reason for article 142 being in the Civil Code of this state.
 

 Besides, it is obvious that, under the circumstances of this case, there was no second or new abandonment of plaintiff in this state by her husband, as in the Clark Case. The district court of Acadia parish is therefore without jurisdiction to try this suit, and the mere fact that defendant resides in that parish does not confer jurisdiction ratione materias upon that court, for a separation from bed and board that arose in the state of Mississippi, while the parties were domiciled in that state.
 

 It is. fundamental, in suits for separation from bed and board or divorce, that a court without jurisdiction ratione materias is absolutely without jurisdiction. And in such a ease, jurisdiction cannot be conferred, even with the consent of the parties.
 

 It is therefore ordered that the pleas to the jurisdiction of the district court of the parish of Acadia, ratione materias, both as to the main demand for separation from bed and board, and as to the incidental demand for alimony pendente lite, be sustained.
 

 It is further ordered that the judgment for alimony pendente lite, herein appealed from, be annulled and reversed; that plaintiff’s demands be
 
 rejected;
 
 and that plaintiff’s suit be dismissed at her costs.