606 So.2d 1391 (1992)
Elizabeth J. BARRY, Plaintiff-Appellant,
v.
James E. BARRY, Defendant-Appellee.
No. 24066-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*1392 Jack H. Kaplan, Shreveport, for plaintiff-appellant.
Weems, Wright, Schimpf, Hayter & Carmouche by Kenneth P. Haines, Shreveport, for defendant-appellee.
Before LINDSAY, VICTORY and STEWART, JJ.
STEWART, Judge.
Plaintiff-appellant, Elizabeth Barry, appeals an adverse judgment that nullified the November 15, 1990 judgment rendered in her favor against defendant-appellee, James Barry.
On appeal, Mrs. Barry contends that the trial court erred in nullifying the November 15, 1990 judgment based on its conclusion the court lacked subject matter and personal jurisdiction. We affirm.

FACTS
Mr. and Mrs. Barry were married in November 1974 in Austin, Texas. Two children were born of the marriage. Mr. Barry was a career military person with the United States Air Force from December 1970 to December 31, 1990. From 1978 to 1980, Mr. Barry was assigned to Barksdale Air Force Base in Bossier Parish, Louisiana and resided there with Mrs. Barry. In 1980, Mr. Barry was reassigned to another base. Eventually, the Barrys established their matrimonial domicile in New Jersey during the time Mr. Barry was assigned to McGuire Air Force Base.
The Barrys physically separated in March 1990 and negotiated with each other in New Jersey about their separation/divorce and property settlement. No written agreement was reached while both parties were in New Jersey. Mrs. Barry left New Jersey in June or July 1990 with their two minor children and moved back to Bossier Parish, Louisiana.
On September 11, 1990, Mr. Barry filed suit in New Jersey seeking a divorce and asked that custody of the children be awarded to Mrs. Barry. On September 24, 1990 in Bossier Parish, Louisiana, Mrs. Barry filed suit seeking a separation, child custody, and child support. On September 24, 1990, Emma Smith, attorney was appointed by the Twenty-Sixth Judicial District Court to represent Mr. Barry due to his nonresident status in Louisiana. On September 25, 1990, citation and service was made on the appointed counsel representing Mr. Barry.
On September 26, 1990, Mrs. Barry was served a copy of the New Jersey divorce petition by the Bossier Parish Sheriff's Office.
On November 15, 1990, the Twenty-Sixth Judicial District Court awarded Mrs. Barry custody of the children and Mr. Barry was ordered to pay $716 per month in child support and $200 per month in alimony to Mrs. Barry.
On December 13, 1990, Mrs. Barry was granted a judgment of separation by the Twenty-Sixth Judicial District Court. In New Jersey, Mr. Barry was granted a judgment of divorce and Mrs. Barry was awarded custody of the children on April 24, 1991. The New Jersey judgment is silent in regard to alimony and/or child support.
In September 1991, Mr. Barry filed suit in Twenty-Sixth Judicial District Court seeking to annul the November 15, 1990 judgment. Mrs. Barry answered the petition to annul and filed a reconventional demand for arrearages of child support and alimony on October 23, 1991 and also filed a plea of res judicata.
After a hearing, the trial court found the November 15, 1990 judgment to be null. In oral reasons for judgment, the trial court concluded that it lacked subject matter jurisdiction over the proceeding and lacked personal jurisdiction over Mr. Barry to impose a money judgment against him. *1393 The plea of res judicata was overruled accordingly. Mrs. Barry appeals.

DISCUSSION
Mrs. Barry contends that the trial court had both subject matter and personal jurisdiction over the November 15, 1990 proceedings. We disagree.

Subject Matter Jurisdiction
LSA-C.C.P. Art. 10 (1990) provided in pertinent part:
A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions.
* * * * * *
(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state or while the matrimonial domicile was in this state.
A court must have jurisdiction ratione materiae, jurisdiction over the subject matter, in order to have power and authority to render judgment. Subject matter jurisdiction is nonwaiveable and the lack of it can be recognized by the court on its own motion at any time. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C. Art. 3, Kerr v. Kerr, 14 La. 177 (La. 1939); In re Perez, 194 La. 763, 194 So. 774 (La.1940); Piper v. Olinde Hardware and Supply Co., Inc., 288 So.2d 626 (La.1974); Walker v. Fitzgerald, 24 So.2d 263 (La.App.2d Cir 1946). A final judgment rendered by a court without subject matter jurisdiction is an absolute nullity and an action to annul may be brought at any time. LSA-C.C.P. Art. 2002; Key v. Salley, 218 La. 922, 51 So.2d 390 (La.1951).
Jurisdictional requirements for divorce and separation from bed and board at the time pertinent to the instant case were founded on LSA-C.C.P. Art. 10(7)[1] as quoted above. Courts uniformly interpreted this article to make domicile of either spouse in Louisiana an indispensable requirement for jurisdiction and additionally, to set forth conditions of locale under which the grounds of the action must have occurred, except as otherwise provided by law, in order that jurisdiction be exercised.[2]
In Thomas v. Thomas, 144 So.2d 612 (La.App. 4th Cir.1962), the court succinctly stated the consistent jurisprudential interpretation of this jurisdictional provision.
Traditionally, at least one of the parties, the plaintiff or defendant, must be domiciled in this state, at the time the action is brought, for our courts to have jurisdiction. LSA-C.C.P. Art. 10(7) is a restatement of this jurisprudential rule. The words of this article "except as otherwise provided by law" do not refer to the domiciliary requirement but rather is a qualification of the general rule that "the grounds therefor [divorce or separation from bed and board] were committed or occurred in this state, or while the matrimonial domicile was in this state," and these exceptions are those contained in LSA-C.C. Art. 142 and LSA-R.S. 9:301. There is no exception to the requirement of domicile of either the plaintiff or the defendant for the courts of this state to require jurisdiction ratione materiae in an action for divorce or separation from bed and board.
In the instant case, the record reflects that the Barrys were married in Austin, *1394 Texas in 1974 and their only contact with Louisiana occurred between 1978 and 1980 when Mr. Barry was stationed at Barksdale Air Force Base in Louisiana pursuant to military orders. After 1980, Mr. Barry never returned to Louisiana. Our review of all the pleadings and evidence in this case shows that the complaints alleged by Mr. Barry in the New Jersey divorce petition as well as the complaints alleged by Mrs. Barry in Louisiana failed to allege any prior matrimonial domicile in the state of Louisiana.[3]
Mr. Barry's petition for divorce in New Jersey alleges acts of cruelty by Mrs. Barry occurring in the State of New Jersey and Mrs. Barry's petition for separation on September 24, 1990 alleges abandonment by Mr. Barry in the State of New Jersey. The conclusion is inescapable that the trial court was correct in holding that at the time Mrs. Barry obtained her support judgment on November 15, 1990, the Twenty-Sixth Judicial District Court had no jurisdiction pursuant to LSA-C.C.P. Art. 10(7).
Mrs. Barry does not argue in her brief that the trial court had subject matter jurisdiction under LSA-C.C.P. Art. 10(7). Mrs. Barry, argues instead that this court should in essence bypass the subject matter jurisdiction question and proceed directly to determine that the trial court erred in finding that there was no personal jurisdiction over Mr. Barry. Such a finding, she urges, should be premised on the holding of Stuckey v. Stuckey, 434 So.2d 513 (La. App. 2d Cir.1983). We find Stuckey to be inapplicable to the instant case because there the defendant became a nonresident after there was a divorce judgment rendered in Louisiana. Therefore, a later suit for support was valid against him under the theory that the court maintained jurisdiction over the status even after the judgment of divorce. Unlike Stuckey, Mrs. Barry's action for support was not based on a prior separation or divorce judgment in Louisiana.
Mr. Barry maintains that, because the trial court lacked subject matter jurisdiction over the separation pursuant to LSA-C.C.P. Art. 10(7), it follows that the court did not have subject matter jurisdiction to hear the support issues which were incidental to that action. The judgment which was nullified by the trial court was the support judgment of November 15, 1990 which ordered Mr. Barry to pay $750 in child support and $200 in alimony. The support rule was an incidental demand filed in connection with the petition for separation on September 24, 1990. We find Mr. Barry's position to be persuasive and meritorious.
We note in Hockaday v. Hockaday, 182 La. 88, 161 So. 164 (La.1935), the wife brought a suit for separation from bed and board based on abandonment with an incidental demand for alimony pendente lite in the amount of $150 per month. The husband filed exceptions to the jurisdiction of the district court in Acadia Parish alleging that the trial court lacked subject matter jurisdiction and personal jurisdiction as to both the main demand and the incidental demand. The trial court overruled both exceptions and the rule for alimony was then tried. Judgment was rendered against the husband for alimony pendente lite at the rate of $75 per month from date *1395 of judicial demand plus accrued alimony. The Louisiana Supreme Court found that the alleged abandonment had occurred outside the State of Louisiana and that during the time in which the cause of action arose, neither party was domiciled in the State of Louisiana. In reversing the trial court by finding lack of subject matter jurisdiction and lack of personal jurisdiction, the Supreme Court sustained both exceptions as to the main demand for separation from bed and board and as to the incidental demand for alimony pendente lite. Douglas, supra.
We hold that, given the lack of subject matter jurisdiction by the Twenty-Sixth Judicial District Court over the main demand of separation from bed and board under LSA-C.C.P. Art. 10(7), the trial court also lacked subject matter jurisdiction over the incidental demand for alimony and child support. Thus, we conclude that the trial court was correct in granting the judgment nullifying the November 15, 1990 support judgment against Mr. Barry.
Because we find merit to Mr. Barry's argument under Art. 10(7), we need not consider other arguments which have been presented.

CONCLUSION
For the reasons expressed, we affirm the trial court judgment. Costs of this appeal are assessed to Mrs. Barry.
AFFIRMED.
NOTES
[1] LSA-C.C.P. Art. 10(7) was amended to delete reference to the place of occurrence of the grounds for a divorce in accord with the new divorce laws implemented by Acts 1990, No. 1009.
[2] For additional discussions of LSA-C.C.P. Art. 10(7), see, Mathews v. Mathews, 157 La. 930, 103 So. 267 (La.1925); Douglas v. Douglas, 146 So.2d 227 (La.App. 3d Cir.1962); Juge, Jurisdiction and Venue, 22 Loy.L.Rev. 3 (1976); Bell, Jurisdictional Requirements for Divorce and Separation actions in Louisiana, 23 La.L.Rev. 600, (1963).
[3] There is no allegation by Mrs. Barry in any of her pleadings that she was domiciled in the State of Louisiana at the time she filed her action for separation on September 24, 1990. Counsel for Mrs. Barry conceded at oral argument that she never plead in any of the Louisiana proceedings that she was domiciled in Louisiana at any time.

We note in our review of the record that Mr. Barry's brief contains three transcripts from suit number 80,891, (1) transcript of the rule for custody, support and alimony of November 15, 1990; (2) transcript of the separation hearing, December 13, 1990; (3) transcript of the hearing on the motion to proceed in forma pauperis, April 30, 1992. Arguably, the transcripts indicate that Mrs. Barry had established domicile in Louisiana at the time she filed her action in Louisiana. Assuming arguendo that the transcripts established that Mrs. Barry was domiciled in Louisiana, such a finding alone would not be dispositive of the case because LSA-C.C.P. Art. 10(7) has dual requirements for jurisdiction.