PI AMLIN, Justice.
The only question here presented is the constitutionality of Act No. 2 of the Second Extraordinary Session of 1960.
This Court will not ordinarily exercise its supervisory jurisdiction in cases such as this. Nevertheless, because of the statewide and extraordinary public interest and importance, and for the reason that the public fisc is involved, we deemed it advisable to consider this matter. Accordingly we directed certiorari to the Honorable Fred S. LeBlanc, Judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, in order that we might review his action granting, without a hearing, a temporary restraining order on December 3, 1960, enjoining, restraining and prohibiting
“Jimmie H. Davis, Governor of Louisiana, from appointing or issuing commissions to any members of the Orleans Parish School Board, created by Act No. 2 of the Second Extraordinary Session of 1960;
“Wade O. Martin, Jr., Secretary of State of the State of Louisiana, from countersigning any such commissions;
“Andrew P. Tugwell, Treasurer of the State of Louisiana, from paying any such warrants out of any funds appropriated, dedicated or provided for the operation of the public schools in the Parish of Orleans; and
“Roy R. Theriot, Comptroller of the State of Louisiana, from drawing or issuing any such warrants on the Treasurer for the operation of the Orleans Parish public school system; and all and each of them from taking any action or doing any act as a result of or pursuant to Act No. 2 of the Second Extraordinary Session of 1960, * * *»
Act No. 2 of the Second Extraordinary Session of I960[1] creates a school board for *934 the Parish of Orleans to be known and designated as the “School Board of the Parish of Orleans,” to consist of five members to be elected at large from the Parish of Orleans at the next congressional elections. The interim members serving from the time the act takes effect until the next congressional elections are to be appointed by the Governor of the State of Louisiana. In this act the school board is granted limited powers, financial in nature, such as to borrow,’ receive and disburse money, to levy, collect and receive school taxes, etc. All other ■ powers relative to the public schools of Orleans Parish are specifically reserved in the Legislature.
The sole basis of plaintiffs’ suit is that Act No. 2 of the Second Extraordinary Session of 1960 is unconstitutional in that it violates Section 10 of Article 12 of the Constitution of Louisiana, LSA, which authorizes the Legislature to provide for the election of members of the parish school boards, by authorizing the Governor to appoint the first members of the School Board of the Parish of Orleans for the interim between the effective date of the act and the next congressional election.
In their petition for the above order plaintiffs alleged that unless Honorable Jimmie H. Davis was restrained from making appointments and issuing commissions, they would suffer immediate and irreparable injury in that the State had appropriated thousands of dollars for the operation and maintenance of the public schools in *936 the Parish of Orleans and would issue warrants for its disbursal. It was alleged that public funds and tax money would be unlawfully expended to the prejudice of petitioners and other taxpayers in the Parish of Orleans.
On November 30, 1960, Bush v. Orleans Parish School Board, 188 F.Supp. 916, the United States District Court for the Eastern District of Louisiana, New Orleans Division, declared Act No. 25 [2] of the First Extraordinary Session of 1960 (pursuant to which Act No. 2 of the Second Extraordinary Session was enacted) unconstitutional because it was “part and parcel of the original 'segregation package’ ” introduced in the Legislature on the first day of the Special Session, the object of said legislation being to deprive colored citizens of a right conferred upon them by the Constitution of the United States; and said Court enjoined Honorable Jimmie H. Davis, Governor of Louisiana, and others “from otherwise interfering in any way with the operation of the public schools for the Parish of Orleans by the Orleans Parish School Board, pursuant to the Orders of this Court.”[3] On December 12, 1960, United States v. Louisiana, 81 S.Ct. 260, the Supreme Court of the United States refused to issue stay orders in the above proceedings.
The actions of the United States District Court took place before the persons ap *938 pointed or to be appointed by the Governor as Members of the Orleans Parish School Board had begun to function or perform any acts and without any evidence having been adduced that they would act unconstitutionally or in violation of any orders or decrees of the United States District Court. Under these circumstances, if Act No. 25 is constitutional on its face, as it is, and is a measure adopted, as stated by the United States District Court, “in an area peculiarly reserved for exclusive state action,” how does the mere statement that it was “part and parcel of the original ‘segregation package’ ” justify in law a holding of unconstitutionality ? Such a holding ' is based on an assumption that a school board not yet provided for or even in existence will act or perform its duties in an unconstitutional way. This is not a basis in law for declaring an act unconstitutional.
With reference to Act No. 2, creating a school board for Orleans Parish with limited powers financial in nature, it is clear that it was adopted by the Legislature for the purpose of bringing financial order where financial chaos exists. Its primary purpose was to create a school board with power and authority to discharge from public funds large financial obligations incurred in the operations of the Orleans Parish public schools, no such power and authority being in existence at the time the act was adopted.
The first point to be decided in this Court is that of the right of the Legislature to create parish school boards and the right to abolish boards so created; and the second point for decision is that of the right of the Legislature to create a new school board in the place of an abolished board and provide for the appointment of board members during the interim between the effective date of Act No. 2 of the Second Extraordinary Session and the date of the regular congressional elections.
Act No. 2 under consideration herein and Act No. 25 of the First Extraordinary Session are authorized by Section 10 of Article XII of the Constitution of Louisiana of 1921, which provides:
“The Legislature shall provide for the creation and election of parish school boards which shall elect parish superintendents for their respective parishes, and such other officers or agents as may be authorized by the Legislature. * * * ”
In the case of State ex rel. Board of Directors of Public Schools v. City of New Orleans, 1890, 42 La.Ann. 92, 7 So. 674, 676, this Court, in no uncertain terms, held that the system of free public schools in Louisiana is a State institution, for the establishment, maintenance and support of which *940 the State is required to provide by taxation, or otherwise.[4]
This authority also sets forth:
“It is elementary that a state, in the absence of constitutional prohibition, may delegate part of her political and administrative powers to (governmental subdivisions) within her borders, which then become state functionaries; and that, whenever such delegation may take place, the state can confer on them certain rights, which she may subsequently extend, abridge or withdrazv, as may seem just and advisable [but without impairing the obligation of contracts],
“This principle • of delegation is essential in the very nature of things, as otherwise the local administration necessary for public good would be an impossibility, in consequence of the practical ' inability of the state general government to well provide, by itself, for. the regulation of administrative matters on numerous important details in the different parts of the state.” (Emphasis ours.) •
In the early case of Newton v. Mahoning County Commissioners, 100 U.S. 548, 25 L.Ed. 710, the United States Supreme Court stated:
“The legislative power’ of a State'j except so far as restrained by its own Constitution, is at all times absolute with respect to all offices within its reach. It may at pleasure create or abolish them or modify their duties. It may also shorten or lengthen the term of service. And it may increase or diminish the salary or change the mode of compensation.”
See Higginbotham v. City of Baton Rouge, Louisiana, 306 U.S. 535, 59 S.Ct. 705, 83 L.Ed. 968, and authorities cited therein, wherein the foregoing principle was affirmed. See, also, 172 A.L.R. 1380; State ex rel. Porterie v. Smith, 184 La. 263, 166 So. 72.
We conclude that Acts Nos. 2 and 25, supra, are valid and constitutional enactments on their face. The Legislature cannot be enjoined from enacting valid legislation; actions under the law can be enjoined only if unconstitutionally administered, applied, and construed.
Where an act is constitutional' on its face, courts cmmot assume that it will be given an unconstitutional application or construction or be administered unconstitutionally. Any other interpretation would allow the school board which was functioning under the act by which such school *942 board was abolished to remain in office indefinitely; perhaps beyond the terms for which the respective members were elected. The officers appointed or to be appointed under the authority of Act No. 2 of the Second Extraordinary Session will be. amenable not only to the process of this Court but to that of any other court having jurisdiction if they act unlawfully or unconstitutionally.
The case of Gomillion v. Lightfoot, 81 S.Ct. 125, cited, by the United States District Court as authority for holding Act No. 25 unconstitutional, is not apposite for the reason that in that case there was an act performed; i. e., the enactment of a statute redefining municipal boundaries so as to exclude negro citizens.
This brings us to a discussion as to whether or not the Legislature could provide for the appointment of board members by the Governor during the interim between the effective date of Act No. 2 and the date provided for the next congressional election.
Section 10 of Article XII of the Louisiana Constitution of 1921, supra, must be construed in connection with Article V, Section 11, which reads as follows:
“Governor—Appointment of officers
“He shall nominate, and, by and with the advice and consent of the Senate, appoint all officers whose offices are established by this Constitution and whose appointment, or election, is not herein otherwise provided for; except that the Legislature may provide the mode of filling all offices created by it.” (Emphasis ours.)
We are of the opinion that under the foregoing articles of the Constitution, the Legislature has the right to provide for the interim appointments by the Governor. It certainly provided the mode of filling the offices created by it.
For the reasons assigned, the temporary restraining order hereinabove set forth, granted December 3, 1960, is hereby dissolved, recalled and set aside; plaintiffs’ suit is dismissed at their cost.

. “Be it enacted by the Legislature of Louisiana:
“Section 1. That Section 121 of Title 17 of the Louisiana Revised Statutes of 1950, which was specifically repealed by Act No. 25 of the first Extra Session of 1960, approved November 8, 1960, and, also repealed, insofar as said R.S. 17:121 *934 is- in conflict therewith, by Act No. 17 .of the first Extra Session of 1980, approved November S, 1960, and which R.S. 17:121 was suspended by Section 6 of House Concurrent Resolution No. 17 of said Extra Session, Section 6 of which latter resolution specifically preserved the suspension by said Section 6 of House Concurrent Resolution No. 10, be revived, amended and re-enacted, so as to read as follows:
“Section 121A. There is hereby created a school board for the Parish of Orleans, to be known and designated ‘School Board of the Parish of Orleans’ to consist of five members, to be elected at large from the Parish of Orleans, at the congressional elections in the City of New Orleans in accordance with law. The members to serve in , the interim from the time this act takes effect until the next congressional -election in the Parish of Orleans shall be appointed by the Governor, and thereafter their successors shall be elected as provided in the primary and general election laws for other parish school boards. The first members elected shall draw lots for two terms of two years, two terms of four years, and one term of six years, find their successors shall be elected for terms of six years.
“The School Board of the Parish of Orleans shall have power and authority to borrow, receive and disburse money. It may levy, collect and receive and disburse money. It may levy, collect and receive school taxes as now authorized by the Constitution and laws of the State of Louisiana. It shall deposit all funds received by it in a bank or banks approved as fiscal agents of the state.
“B. The Legislature of Louisiana reserves to itself all powers vested in it by law, relative to the public schools of the Parish of Orleans, and particularly by Act No. 17 and any other act or resolution passed at the first or second *936 Extra Session of 1960, except as to the powers and authority herein specifically granted to School Board of the Parish of Orleans.”

. “To amend and re-enact Section 51 of Title 17 and to repeal Section 121 of Title 17 of the 1950 Louisiana Revised Statutes relative to Parish School Boards.
“Be it enacted by the Legislature of Louisiana:
“Section 1. That Section 51 of Title 17 of the 1950 Louisiana Revised Statutes, relative to Parish School Boards, be amended and re-enacted so as to read as follows:
“Section 51. Parish boards as bodies corporate; officers upon whom service may be made
“There shall be a parish school board for each of the parishes, and the Legisislature shall make provision for the creation and election of a School Board for the Parish of Orleans, and these several parish school boards are constituted bodies corporate with the power to sue and be sued under the name and style (Name of Parish) Parish School Board. Citation shall be served on the president of the board and in his absence on the vice-president.
“Section 2. That Section 121 of Title 17 of the 1950 Louisiana Revised Statutes relative to the nomination and election of members of the Orleans Parish School Board, qualifications, compensation, and vacancies, be and the same is hereby repealed in its entirety.”

. The opinion and decree were issued in the causes entitled, “United States of America v. State of Louisiana et al.,” “Earl Benjamin Bush, et al. v. Orleans Parish School Board et al.,” and “Harry K. Williams et al. v. Jimmie H. Davis et al.,” Civil Actions Nos. 10566, 3630 and 10329 of the Docket of the United States District Court for the Eastern District of Louisiana, Rives, Christen-berry and Wright, Judges Presiding. 188 F.Supp. 916.

. See, also, Bank of Winnfield v. Brumfield et al., 11 La.App. 647, 124 So. 628; State ex rel. Wimberly v. Barham, 173 La. 488, 137 So. 862, 864; State ex rel. White v. Mason, 17 La.App. 504, 133 So. 809, 811.