311 So.2d 615 (1975)
John T. VIGNES
v.
Betty P. VIGNES.
No. 10209.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Arthur J. Cobb, Baton Rouge, for appellant.
Donn Moss, Baton Rouge, for appellee.
*616 Before BLANCHE, LANDRY and YELVERTON, JJ.
YELVERTON, Judge.
When a divorce based on two years voluntary separation is granted to the wife, and alimony is not prayed for nor fault adjudicated, and no prior judicial determination of fault has been made or can be presumed, can the wife, in a proceeding brought after the divorce, qualify for alimony by proving that at the time of the original separation, she was free from fault? This question poses the first issue presented by this appeal. The trial judge decided this issue in favor of the wife. We affirm that decision.
The second issue involves a review of the trial judge's decision granting an increase in alimony from $250 to $350 per month. As concerns this issue, both sides appeal, one complaining that the increase was not enough, the other that no alimony is due because the wife has sufficient means for her maintenance. We also affirm the trial court's conclusion as to this issue.
The facts as they pertain to the first issue are here narrated:
On November 22, 1967, Betty P. Vignes was granted a divorce from her husband, John T. Vignes, on the grounds of two years voluntary separation. In the judgment of divorce Mrs. Vignes was granted the custody of the four minor children. During this proceeding there was neither a demand for alimony nor was there an adjudication of fault.[1]
On December 5, 1968, Dr. Vignes sought and obtained a change of custody of their minor children on the grounds that his former wife had engaged in adulterous actions in the presence of the minor children. In a subsequent proceeding on May 14, 1969, Mrs. Vignes was awarded permanent alimony in the sum of $250 per month. At the same hearing when permanent alimony was awarded, the court made a finding of fact that Mrs. Vignes was legally free from fault as of July 18, 1965, the date of the original separation in fact. No appeal was taken by Dr. Vignes from the final judgment rendered in that proceeding.
Appellant urges that if fault for purposes of alimony is not judicially determined prior to divorce, the wife forever loses her right to claim alimony. We disagree.
In divorce proceedings instituted upon voluntarily living separate and apart for two years,[2] the wife's freedom from fault is not at issue unless she demands alimony. Nieto v. Nieto, 276 So.2d 362 (La. App.4th Cir. 1973). Nor is there a requirement that the wife's right to alimony must be asserted or reserved. Dubourg v. Dubourg, 291 So.2d 441 (La.App.4th Cir. 1974). Therefore, the court's adjudication of May 14, 1968, subsequent to the divorce, finding Mrs. Vignes free from fault, has the same effect as a prior judicial determination of the wife's freedom from fault.
We next consider the second issue which involves whether the wife has a need for *617 alimony, and if so, its amount. The record reveals:
Mrs. Vignes has obtained a degree in art history and presently is receiving $550 per semester from L.S.U. as a graduate assistant while studying for an advanced degree in art. She lacks five semesters until completion of her chosen curriculum and during this time her only certain income consists of the money she will receive as a graduate assistant. In 1972 and 1973 she had income from summertime employment with Thomas J. Moran Corporation, and in the summer of 1974 she was employed by the Louisiana House of Representatives where she earned approximately $1800.
Against these incomes her monthly expenditures for rent, utilities, food, clothing, household expenses, automobile expenses and medical expenses total around $360 per month. This does not count a $55 per month installment loan for money borrowed for her education. She also owes $570 worth of back taxes resulting from failure to include alimony payments in her tax return for 1972.
Dr. Vignes has a net yearly income of approximately $32,000 and a net worth of nearly $99,000.
Dr. Vignes' contention is that alimony is no longer necessary because there has been a change in circumstances regarding the wife's needs and ability to support herself. In order to warrant the court's revocation or reduction of an alimony order under Civil Code Article 160, it is incumbent upon Dr. Vignes to prove a change in his former wife's circumstances, or his own, from the time of the original award of alimony to the time of the institution of these proceedings. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Laiche v. Laiche, 289 So.2d 277 (La.App. 1st Cir. 1974). The evidence reflects that there have been changes in the financial conditions of both parties since the earlier alimony order. However, these changes favor an increase rather than a decrease in alimony, because the evidence shows that Dr. Vignes' financial condition has improved while his former wife's has deteriorated.
It is finally argued on behalf of Dr. Vignes that it is improper to allow his former wife to pursue her educational ambitions on her own volition at his expense, because so long as she chooses to be a student, she can justify a need for alimony, and there might not be an end to her education aspirations. Dr. Vignes' fears in this regard are unrealistic. It is most likely that once Mrs. Vignes achieves her present educational goal, her financial condition will rapidly improve, reducing or even ending her need for alimony. If on the other hand circumstances develop that suggest an abuse of the wife's privileges respecting alimony, Dr. Vignes may apply to the courts for further relief.
For the above and foregoing reasons the judgment of the trial court increasing alimony payments from $250 to $350 per month is affirmed, at the cost of plaintiff-appellant.
Affirmed.
NOTES
[1] LSA-C.C. Art. 160 requires that the wife who seeks alimony after divorce must show that she was free from fault:

Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.
[2] LSA-R.S. 9:301.