378 So.2d 539 (1979)
Harry HIRSCH, III
v.
Kathleen Ann Sander, wife of Harry HIRSCH, III.
No. 10538.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1979.
Rehearing Denied January 18, 1980.
*540 Harriet R. Campbell, New Orleans, for plaintiff-appellant.
Roger B. Jacobs, New Orleans, for defendant-appellee.
Before SAMUEL, SCHOTT and CHEHARDY, JJ.
CHEHARDY, Judge.
By this appeal a nonresident husband, through his court-appointed curator, challenges the jurisdiction of the Civil District Court for the Parish of Orleans to render a post-divorce judgment granting an original alimony award after a hearing in which he was cited through a curator. The issue here is whether the trial court lost jurisdiction over his person when the judgment of divorce became final.
After two years of intermittent domestic litigation, Kathleen Ann Sanders Hirsch was granted a judgment of divorce on the ground of adultery on March 3, 1976. She did not pray for nor was she granted permanent alimony. On March 8, 1976, Harry Hirsch, III, filed a motion for a new trial through his attorney, and before this was argued, Mrs. Hirsch, on March 23, 1976, filed two rules citing her husband to show cause why (1) he should not be condemned to pay permanent alimony of $500 per month and (2) why he should not be held in contempt for failing to pay alimony pendente lite that had allegedly accrued prior to the date the rule was filed. Mr. Hirsch was never served with a copy of either rule nor was his attorney of record. Although the petition indicates the husband was to be served through his attorney of record, the citation was never issued, presumably because Mrs. Hirsch's attorney did not take the procedural steps necessary to have a citation issued.
On March 24, 1976, the day after these rules were filed, Mr. Hirsch's attorney filed two motions, one to dismiss his motion for new trial and the second to withdraw as attorney of record.
No appeal was taken from the judgment of divorce which became final 30 days after the signing of the order permitting the motion for new trial to be withdrawn. (C.C.P. art. 3942.)
Not until April 6, 1978 was any further action taken in this matter. On that date Kathleen Ann Sander Hirsch filed a rule for post-divorce alimony in the amount of $500 and requested personal service on defendant Harry Hirsch, III. Service was never made on Mr. Hirsch. The court then continued trial of the rule from April 20, 1978 until June 2, 1978. The sheriff was given a new address for defendant Hirsch but again service was not made and the rule set for June 2, 1978 was continued indefinitely.
In June of 1978, Mrs. Hirsch again asked for post-divorce alimony but this time in the amount of $1,000 per month, alleging that Mr. Hirsch was a resident of Florida and requesting appointment of a curator ad hoc. An attorney was appointed to represent the absent defendant.
On July 31, 1978 the curator filed an exception of lack of jurisdiction over the person. This exception was based on these facts: judgment of divorce silent on alimony; no claim for alimony made prior to judgment; and appellee's claim for permanent alimony not incidental to divorce proceedings but new litigation.
The trial court on August 11, 1978 overruled the exception and granted plaintiff in rule alimony in the amount of $600 per month against the absent defendant, commencing April 1, 1978. This judgment was signed on August 14, 1978.
On August 18, 1978, appellant-curator filed a motion for a new trial. A hearing was had on September 22, 1978. The trial *541 court reversed its judgment of August 14, 1978 and on September 26, 1978 maintained the curator's exception of lack of jurisdiction over the person and dismissed plaintiff's petition for permanent alimony.
On September 27, 1978, Kathleen Ann Sander Hirsch filed a motion for a new trial.
On October 27, 1978, hearing was held and on November 6, 1978 the trial judge reversed himself again, reinstating his judgment of August 14, 1978 and further increasing the fees of the curator from $1,600 to $2,500, taxing same as costs against Harry Hirsch, III, defendant in rule.
It is from the judgment of November 6, 1978, awarding alimony of $600 per month, that curator appeals.
Therefore, the question to be considered is whether or not a judgment for post-divorce alimony in accordance with Article 160 of the Civil Code can be obtained against an absent defendant who has not been served; whose attorney has not been served; who has no knowledge of the demand for alimony; and who is represented only by a court-appointed curator at the time judgment orders him to pay permanent alimony.
A curator may be appointed to represent an absent nonresident defendant on the ex parte written motion of the plaintiff if the court "* * * has jurisdiction over the person or property of the defendant, or over the status involved * * *." C.C.P. art. 5091.
C.C.P. art. 1 defines jurisdiction as the legal power and authority of a court to hear and determine an action involving the legal relation of parties and to grant the relief to which they may be entitled. C.C.P. art. 6 states jurisdiction over the person is the authority to render a personal judgment against a party, which is based on service of process on the defendant or his agent; service of process on a court-appointed curator; or voluntary submission by the defendant to the court's jurisdiction.
In this case the trial court at one time had personal jurisdiction over Mr. Hirsch which continued until the judgment of divorce rendered March 3, 1976 became final. Under the holding of DeFatta v. DeFatta, 352 So.2d 287 (La.App. 2d Cir. 1977), the court's jurisdiction over the person, once obtained "* * * continues throughout the pendency of the proceeding to the judgment of divorce as to all facets of the proceeding * * *." (Emphasis added.)
In this case, a rule for alimony was first brought while the district court retained jurisdiction over Harry Hirsch. In fact Mr. Hirsch himself was seeking affirmative relief in applying for a new trial. Under C.C.P. art. 2592, as amended in 1974, plaintiff was entitled to proceed summarily to obtain an original grant of alimony, subject of course to complying with the service of process requirements. Because the rule for alimony requires a court appearance, the citation had to be served by the sheriff either on the defendant or the attorney of record. C.C.P. art. 1314. In this case no service was attempted on either.
While the divorce proceeding was still pending, defendant was never served with notice that a rule for alimony had been filed. In Rawley v. Rawley, 357 So.2d 286 (La.App. 1st Cir. 1978), the court pointed out the purpose of the service article cited is to fulfill the constitutional requirements of due process notice. In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 90 L.Ed. 865 (1950), the Supreme Court stated:
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751;

*542 Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. `The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82, and see Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 2, 56 L.Ed. 65, Ann.Cas.1913B, 555.
"But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected * * *." (Emphasis ours.)
Rawley further reasoned that service on a defendant through an attorney to be valid must be reasonably presumed from the record to have been communicated to the litigant. In the case before us, nothing in the record even suggests the attorney representing the defendant when the first rule was filed received service of citation. There is no inference in the record that defendant was noticed of a claim for alimony against him.
When the judgment of divorce had been final for two years, Mrs. Hirsch filed a second rule for alimony and after having no success serving him personally at a local address, she petitioned the court to appoint a curator, representing he lived in Florida. This form of citation would only have been good had the court still retained jurisdiction over the person of Mr. Hirsch.
We hold it did not. In Imperial v. Hardy, 302 So.2d 5 (La.1974), the Court pointed out that once jurisdiction attaches for an award of child support it continues for the purposes of changing or modifying it in the future. The distinguishing factor in our case is that there was no original grant of alimony as an incidental demand while the court retained jurisdiction over the person of Mr. Hirsch. Mrs. Hirsch's claim was a new proceeding, separate from the judgment of divorce. Kennedy v. Kennedy, 261 So.2d 657 (La.App. 4th Cir. 1972).
Were we to hold that the Civil District Court retained jurisdiction over the person of Mr. Hirsch to adjudicate his liability for permanent alimony without his having had notice that such a claim was even made, we would reach a result that would deprive defendant of his right to procedural due process of law. At the time Mrs. Hirsch obtained judgment of divorce, there was no indication she was demanding alimony, and because C.C. art. 160 specifies need as the basis for the alimony demand, it is possible that a spouse's right to claim alimony might never accrue. Thus service of a post-divorce alimony demand through a court-appointed curator does not satisfy due process requirements.
Finally, Mrs. Hirsch relies on R.S. 13:3201(f), which provides as follows:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's

* * * * * *
(f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state."
We hold that this does not authorize the use of the long arm statute for a proceeding seeking Article 160 alimony for the first time after a divorce has been obtained as such would be an unconstitutional breach of due process.
*543 For the reasons assigned, the judgment appealed from is reversed and plaintiff's suit is dismissed without prejudice. Plaintiff is to pay all costs of these proceedings.
REVERSED AND RENDERED.