COVINGTON, Judge.
This matter came on pursuant to an alternative writ issued herein commanding the trial judge to sustain the declinatory exception filed by defendant, Ramon V. Jarrell; or, in the alternative to show cause by briefs why the writs should not be made peremptory. After considering the record and the briefs, we hereby make the writs peremptory.
As shown by the record, suit was brought by Tano Corporation, the plaintiff, against defendants, Phacts Leasing Company, Inc. and E.B.S. Data Processing, Inc. for recission of contract and damages based on an alleged breach of contract. Thereafter, on September 26, 1979, Tano amended its suit to add Ramon V. Jarrell as a party defendant, alleging that Jarrell “assured Tano that he and one C.W. Murchison would be personally responsible for Phacts’ obligations under the agreement with Tano,” and that “Tano would not have entered into said agreement with Phacts except for the assurances of Ramon V. Jarrell that he and said C.W. Murchison would be personally responsible for the obligations of Phacts.” Later Tano filed a second supplemental petition reiterating its contention that it would not have contracted with Phacts except for “the assurance” of Jarrell. Jarrell *215 was served in Denver, Colorado, pursuant to the Louisiana long-arm statute, LSA-R.S. 13:3201 et seq.
Jarrell filed a declinatory exception asserting that the court lacked jurisdiction over him, a Colorado domiciliary. The exception was argued before the trial court on September 5, 1980, and the lower court, based primarily on an affidavit (no testimony was presented at the hearing), overruled the exception.
We believe that the trial judge erred in overruling the declinatory exception. The affidavit was inadmissible as evidence at the contradictory hearing. There was no allegation or evidence to support jurisdiction over this Colorado domiciliary by a Louisiana court under the Louisiana Long-arm statute. There is no admissible evidence in the record to show that Jarrell individually transacted any business in this state, or that any “minimum contacts” of Jarrell with the State of Louisiana existed. The items which Tano relies upon to prove the fact that exceptor did transact business in the state are as follows: (1) Affidavit of Mr. Reiss, Jr.; (2) Supplemental and Amended Answers to Interrogatories, and (3) Deposition of a former Vice President of E.B.S. There is no indication that this affidavit was introduced into evidence at the hearing on the exceptions.[1] We find that this affidavit was improperly before the court since it was never introduced into evidence. The same ruling is true for both the answer to the interrogatories and the deposition. There is no proof that these items were introduced into evidence. La.C. C.P. articles 1450 and 1459. Realty Mart, Inc. v. Louisiana Bd. of Tax Appeals, 336 So.2d 52 (La.App. 1st Cir. 1976); Welch v. Robert Campbell, Inc., 316 So.2d 822 (La. App. 1st Cir. 1975).
The record that is before the court consists of many items including pleadings, minute entries, orders, judgments and the like. The allegations contained in these pleadings are merely “allegations” and eventually must be proved by competent evidence introduced at a hearing or at trial. Occasionally the law will give certain presumptions to these allegations at a trial or at a hearing without the need to produce any evidence.[2] Drawing from analogy to the cases that deal with the peremptory exception of no cause of action and the case of Morrison v. H. B. Mitchell Const. Co., 369 So.2d 1102 (La.App. 1st Cir. 1979), the trial court must accept the allegations of plaintiff’s petition as true. We note that the Morrison decision was based on the lack of jurisdiction over the subject matter, but we believe the rationale behind that case is applicable in our limited situation where no other evidence was introduced at the hearing.
We now turn our attention to the petition and supplemental petition filed by plaintiff. Nowhere in either document is there any allegation that Jarrell, in an individual capacity, transacted any business in the State of Louisiana. Because of the lack of such an allegation, the trial court was in error in overruling the exception. We therefore make this writ peremptory.
We also remand the case to the trial court to fix a time limit for plaintiff to amend its petition. According to La.C.C.P. art. 932 and the case of Louisiana Power & Light Company v. Ursin, 334 So.2d 559 (La.App. 4th Cir. 1976):
“... (T)he declaratory exception of lack of jurisdiction over the person, merely retards the progress of the action rather than tends to defeat it. See LSA-C.C.P. Articles 923, 925, 926, 928 and 930. Likewise, when the grounds of the objections pleaded in either the declinatory or dilatory exception may be removed by amendment of the petition or other action of the plaintiff, ‘ * * * the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.’ LSA-C.C.P. Articles 932, 933.”
*216 Since plaintiff may be able to remove the objection by amending its petition to state sufficient acts within the state, we will remand the case to the trial court to enable the plaintiff to amend its petition.
Accordingly, it is hereby ordered, adjudged and decreed that the alternative writs of mandamus, prohibition and certio-rari issued herein on the 4th day of December, 1980, directed to the Honorable William H. Brown, Judge, Division “I”, Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, shall be and the same are made peremptory and the declinatory exception of Ramon V. Jarrell is sustained. The case is remanded to the trial court to set a time in which plaintiff, Tano Corporation, is entitled to amend its petition.
WRIT MADE PEREMPTORY, DECLI-NATORY EXCEPTION SUSTAINED, CASE REMANDED.

. Affidavits are authorized by Law to be used as evidence in Motion for Summary Judgment, La.C.C.P. art. 966 and 967; Motion for a Temporary Restraining Order, La.C.C.P. art. 3603.

. See La.C.C.P. art. 926 and Landry v. Landry, 339 So.2d 360 (La.App. 1st Cir. 1976) writ refused 341 So.2d 900 (La.1977).