434 So.2d 513 (1983)
Lola Mae STUCKEY, Plaintiff-Appellant,
v.
J. Robert STUCKEY, Defendant-Appellee.
No. 15439-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
Rehearing Denied August 3, 1983.
*514 Culpepper, Teat & Caldwell by James D. Caldwell, Jonesboro, for plaintiff-appellant.
R. Wayne Smith, Ruston, for defendant-appellee.
Before HALL, MARVIN and NORRIS, JJ.
NORRIS, Judge.
Lola Mae Stuckey, divorced by judgment in Louisiana in 1960 from her husband, J. Robert Stuckey, after which he became and remains a Texas domiciliary, appeals a judgment dismissing her action for initial permanent alimony after the sustaining of a declinatory exception to the Louisiana court's personal jurisdiction over the defendant.
The sole issue presented by this appeal is the reach of the Louisiana "Long Arm Statute", particularly La.R.S. 13:3201(f) which provides:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's:
* * * * * *
(f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
The instant action was filed by plaintiff, a Jackson Parish domiciliary, seeking post divorce alimony in the Second Judicial District Court in Jackson Parish. In her petition, she alleged a prior divorce in the Fourth Judicial District Court; her freedom from fault; her not having remarried; her insufficient means for support; defendant's gainful employment and possession of property; the absence of an award of support in the divorce judgment; her entitlement to alimony and the court's jurisdiction over defendant pursuant to La.R.S. 13:3201(f). Defendant was served pursuant to La.R.S. 13:3204.
*515 Thereafter, defendant filed a declinatory exception contending in essence that La. R.S. 13:3201(f) cannot be utilized to invoke personal jurisdiction over a nonresident defendant to obtain an initial post divorce award of permanent alimony. The trial court sustained the exception relying on Hirsch v. Hirsch, 378 So.2d 539 (La.App. 4th Cir.1979), which squarely held that the quoted provision of the Long Arm Statute may not be applied under circumstances as are presented here.
Defendant does not assert the unconstitutionality of the statute or of its application in this case. Rather, he contends that the statute was not designed or intended to confer jurisdiction over a nonresident to subject him to pay post divorce alimony for the first time after he became a domiciliary of another state. Defendant's contention would restrict the language of the provision to a person whose obligation to pay support was "continuing," in the sense that it had been established by law or by court decree.
The Louisiana Long Arm Statute is to be interpreted liberally in favor of finding jurisdiction, Quasha v. Shale Development Corp., 667 F.2d 483 (C.A. 5th Cir. 1982); Thompson v. Great Midwest Fur Co., 395 So.2d 840 (La.App. 1st Cir.1981); Latham v. Ryan, 373 So.2d 242 (La.App. 3d Cir.1979), and is intended to extend to the full limits of due process under the Fourteenth Amendment. Quasha v. Shale Development Corp., supra; Clay v. Clay, 389 So.2d 31 (La.1979); Adcock v. Surety Research and Investment Corp., 344 So.2d 969 (La.1977). See also comments to La.R.S. 13:3201 et seq.
The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the power of the state to render a valid personal judgment against a nonresident defendant. A judgment rendered in violation of due process is void in the rendering state and is not entitled to full faith and credit elsewhere. Due process requires that the defendant be given adequate notice of the suit and be subject to the personal jurisdiction of the court. It has long been settled that a state court may exercise jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum state. The concept of minimum contacts performs two related, but distinguishable functions: It protects the defendant against the burden of litigating in a distant or inconvenient forum; and it acts to ensure that the states, through their courts, do not reach out beyond the limits imposed on them by their statutes as co-equal sovereigns in a federal system. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
The proper interpretation to be given the Long Arm Statute in Louisiana has been stated in Soileau v. Evangeline Farmers' Co-op, 386 So.2d 179 (La.App. 3d Cir.1980):
It is well settled that the legislative intent in enacting this statute was to extend personal jurisdiction of Louisiana courts over non-residents to the full limits of due process, i.e., to any non-resident who has "minimum contacts" with this state. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973), and Aucoin v. Hanson, 207 So.2d 834 (La.App. 3rd Cir. 1968). This jurisprudence requires a liberal interpretation of LSA-R.S. 13:3201 in favor of finding jurisdiction. Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977); Latham v. Ryan, 373 So.2d 242 (La.App. 3rd Cir.1979).
The finding of jurisdiction over non-residents involves an evaluation of the factual circumstances of the case in light of federal constitutional principles. In order for the proper exercise of jurisdiction in personam over a non-resident there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and "traditional notions of fair play and substantial justice" as required by Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and McGee v. International Life Insurance *516 Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La. 1973).
See also United States Fidelity & Guaranty Co. v. Hi-Tower Concrete Pumping Service, Inc., ___ So.2d ___ (La.App. 2d Cir.1983); Green v. Luxury Auto Rentals, Ltd., 422 So.2d 1365 (La.App. 1st Cir.1982).
Section (f) of the statute provides for the necessary requisite "minimum contacts" by requiring that the spouses must have formerly resided together in this state. In the instant case, it is conceded by all parties that it was defendant who purposefully availed himself of the benefits and protections of the laws of this state in the previous divorce litigation by initiating the divorce proceeding and obtaining the decree. Thus, if the parties resided together in Louisiana prior to the obtaining of the divorce, the minimum contacts of the defendant with Louisiana exceed the requirements of the statute.
Because defendant has failed to raise the issue of the constitutionality of the statute, we apply the presumption that a statutory enactment of the legislature is presumed to be constitutional and that this presumption continues until a party who challenges the act's constitutionality establishes that it contravenes some provision of the state or federal constitutions. Burmaster v. Gravity Drainage Dist. No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La. 1978); Everett v. Goldman, 359 So.2d 1256 (La.1978). Thus, we conclude that it does not shock or offend traditional concepts of fair play to subject this nonresident defendant personally to the jurisdiction of the Louisiana court of the Louisiana plaintiff's domicile if in fact the parties resided together in Louisiana prior to their divorce.
After careful consideration, we choose to construe La.R.S. 13:3201(f) as being applicable to initial post divorce alimony awards and decline to follow Hirsch v. Hirsch, supra, which cannot be distinguished for reasons, which follow. To interpret this provision to only apply to those cases where a former award of alimony has been made would circumvent interpreting it liberally in favor of finding jurisdiction and would also fail to give effect to the legislature's clear intention to permit courts of this state, through the use of the Long Arm Statute, to tap the full potential of jurisdiction in personam over nonresidents. Furthermore, such a narrow construction would render less beneficial the utilization of this section of the statute in support cases. The only purpose which the legislature could have intended in the enactment of this provision was to extend jurisdiction to the maximum acceptable limits over nonresident defendants in support matters. The narrow construction proposed by defendant is not as logical as our more liberal interpretation because it is settled that where a former judgment makes a valid award of alimony or support, continuing jurisdiction applies and is available for asserting jurisdiction over a nonresident defendant. See and compare Imperial v. Hardy, 302 So.2d 5 (La.1974); Holden v. Holden, 374 So.2d 749 (La.App. 3d Cir.1979); Defatta v. Defatta, 352 So.2d 287 (La.App. 2d Cir.1977) and cases cited therein. Therefore, no real extension of jurisdiction over nonresidents would have been obtained by the enactment of this provision for such a limited purpose.
La.C.C. Art. 160 imposes an obligation upon the former spouse who was at fault to provide alimony or support to the faultless former spouse provided the latter remains unmarried and is in necessitous circumstances. The law does not require that the faultless spouse assert or reserve that right in the divorce proceeding. Vignes v. Vignes, 311 So.2d 615 (La.App. 1st Cir. 1975); Dubourg v. Dubourg, 291 So.2d 441 (La.App. 4th Cir.1974). Thus, we conclude that the more reasonable interpretation of La.R.S. 13:3201(f) is to extend it to a situation where a former spouse domiciled in Louisiana is seeking such alimony for the first time. Consequently, when the spouse *517 at fault is not providing support after a divorce to the faultless spouse and the latter meets the requirements of Article 160, an obligation of support is present which can be asserted initially under the provisions of La.R.S. 13:3201(f), which can be utilized to obtain personal jurisdiction over a nonresident spouse who formerly resided in this state with the faultless spouse. This interpretation is particularly supported by the compelling or special interest which Louisiana has in the exercise of such jurisdiction.
Accordingly, we conclude that the trial court was in error in dismissing plaintiff's action after sustaining the declinatory exception on the basis of the restrictive holding of Hirsch v. Hirsch, supra. However, we must conclude that the exception was properly sustained in this case. Although the litigants, in brief, seem to agree that the last matrimonial domicile of the parties was in Louisiana, there is no allegation in the petition and no competent evidence presented in the record that the parties formerly resided together in Louisiana, which is the express statutory requirement of "minimum contacts" to establish jurisdiction over a nonresident defendant in such a case. Therefore, the record is void of any evidence to support jurisdiction over this Texas defendant under the Louisiana Long Arm Statute. However, this particular ground that justifies sustaining the exception may well be removed by amendment of the petition or other action of the plaintiff; therefore, plaintiff should be granted leave to amend her petition accordingly. See La. C.C.P. Arts. 932, 933; Tano v. Phacts Leasing Co., 399 So.2d 214 (La.App. 1st Cir. 1981).
For the foregoing reasons, we amend the judgment sustaining the declinatory exception to delete dismissal of the action and order the action remanded to the trial court to grant leave to plaintiff to amend her petition within a fixed time after our judgment becomes final. Costs of this appeal are cast against appellee.
JUDGMENT AMENDED AND, as amended, AFFIRMED AND REMANDED.