447 So.2d 557 (1984)
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Office of Family Security, In the Interest of Michelle Timberlake
v.
Miles Jennings KING.
No. 83-CA-0838.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*558 James R. Murray, Baton Rouge, for plaintiff-appellant State of Louisiana, Through Dept. of Health and Human Resources, Etc.
Sumpter Davis, III, Baton Rouge, for defendant-appellee Miles Jennings King.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
From a judgment sustaining the defendant's declinatory exceptions to the court's personal jurisdiction, plaintiff appeals. We reverse and remand.
Under the authority of LSA-R.S. 46:236.1, the State of Louisiana, through the Department of Health and Human Resources, filed suit on behalf of Terry Lynn Timberlake against Miles Jennings King to establish his paternity of her minor child, Michelle. The State alleges in its petition that King, presently domiciled in Oklahoma, maintained a sexual relationship with Ms. Timberlake, domiciled in Louisiana, from November 1979 through March 1982, which resulted in the birth of Michelle on December 6, 1980. Personal jurisdiction is based upon Louisiana's Long Arm Statute, in particular, LSA-R.S. 13:3201(g) which provides:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
* * * * * *
(g) parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
The State served the petition and citation by certified mail, pursuant to LSA-R.S. 13:3204.
King filed two declinatory exceptions, alleging lack of jurisdiction over the person and insufficiency of service of process. According to the court's minutes, at the first scheduled hearing of the exceptions, the trial judge entertained arguments, asked for briefs to be submitted, and apparently scheduled a second hearing. But before the second scheduled hearing was heard, the court rendered the following ruling and terse explanation: "Exception sustained. Use of Long Arm Statute would violate due process. Hirsch v. Hirsch 378 So.2d 539 (La.App.1979)." From the subsequently signed judgment, the State appeals.
No transcript was made of the first hearing on the exception. Ordinarily, where factual issues are involved (even jurisdictional facts) and the record on appeal contains no transcript, nor a narrative of the facts, the appellate court will impute the absence of the transcript to the appellant, presume that the trial court's judgment is supported by competent evidence and affirm the judgment. See St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1st Cir. 1982); DeLanueville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir.1980). In this case, however, it is clear from the record that the trial court's judgment did not turn upon the valuation of evidence but rests entirely on the interpretation and application of the holding in Hirsch.[1] Since the *559 judgment did not depend upon a resolution of factual issues, we will not fault the appellant for the missing transcript nor apply the presumption in this case.
In its brief, the State alleges that the trial court erroneously declined to accept any evidence of Mr. King's contacts with Louisiana and argues that the trial court erroneously held the Long Arm Statute unconstitutional.
Without a transcript of the proceedings, we cannot determine whether or not the trial court erroneously declined to accept the evidence of Mr. King's contacts, if such evidence was in fact offered at the hearing. However, it is apparent from the cited reliance on Hirsch that the trial court held the Long Arm Statute unconstitutional only in its application in the present case. It did not hold the statute unconstitutional on its face. The issue then is whether the holding of Hirsch prohibits a trial court's exercise of long arm jurisdiction in a suit to establish a nonresident's paternity. We hold that it does not.
First of all, on its face Hirsch is distinguishable from the present case. The issue in Hirsch was whether the concept of continuing jurisdiction could be applied in a suit for post-divorce alimony to establish personal jurisdiction over a nonresident represented by a court-appointed attorney under LSA-C.C.P. art. 5091.
Two years after her divorce became final, the former wife in Hirsch filed a rule for alimony against her former husband, who had since moved to Florida. Unable to serve him personally, she petitioned for a court-appointed attorney, whom she served pursuant to LSA-C.C.P. art. 6, and obtained a judgment. On appeal the Fourth Circuit reversed. Since there was no original award of alimony incidental to the previous divorce suit when the court had jurisdiction of the defendant, the appellate court reasoned that the suit for post-divorce alimony was a separate proceeding from the previous suit for divorce and held that the trial court did not retain personal jurisdiction over the defendant under the theory of continuing jurisdiction, recognized in Imperial v. Hardy, 302 So.2d 5 (La.1974). Since the trial court did not have jurisdiction over defendant, service on the court-appointed attorney violated due process and was therefore invalid. The court further held, without explanation, that the Long Arm Statute, particularly R.S. 13:3201(f), does not authorize personal jurisdiction over a nonresident in a suit for "alimony for the first time after the divorce had been obtained as such would be an unconstitutional breach of due process." Hirsch, 378 So.2d at 542-43.
The present case does not involve a suit for post-divorce alimony, nor is personal jurisdiction based upon service on a court-appointed attorney under article 6. Moreover, the present suit does not involve the exercise of jurisdiction for a cause of action arising under R.S. 13:3201(f), but for a cause of action arising under R.S. 13:3201(g). We fail then to see how the holding in Hirsch applies in this case to preclude the application of the pertinent provision in the Long Arm Statute.
Defendant argues that the Hirsch rationale nonetheless supports the trial court's ruling because the trial court never had jurisdiction over the defendant: "In this case, the defendant was never a `litigant' until the instant proceeding. Furthermore, it is not alleged that the defendant was ever subject to `the personal jurisdiction of this court.'" Defendant's argument assumes that a court may not exercise long arm jurisdiction over a nonresident unless it can establish continuing jurisdiction from a former proceeding.[2]
A similar argument was raised and rejected in a recent case decided by the Second Circuit, which declined to follow Hirsch. In Stuckey v. Stuckey, 434 So.2d *560 513 (La.App. 2nd Cir.1983), the plaintiff sued her nonresident husband for post-divorce alimony under circumstances substantially similar to those in Hirsch, except that the plaintiff attempted to establish jurisdiction solely on the basis of R.S. 13:3201(f), rather than under article 6. Defendant argued that the statute was not designed or intended to confer jurisdiction over a nonresident in such a suit unless his obligation to pay support had been established in a previous proceeding. Rejecting defendant's argument, the Second Circuit said,
... To interpret this provision to only apply to those cases where a former award of alimony has been made would circumvent interpreting it liberally in favor of finding jurisdiction and would also fail to give effect to the legislature's clear intention to permit courts of this state, through the use of the Long Arm Statute, to tap the full potential of jurisdiction in personam over nonresidents. Furthermore, such a narrow construction would render less beneficial the utilization of this section of the statute in support cases. The only purpose which the legislature could have intended in the enactment of this provision was to extend jurisdiction to the maximum acceptable limits over nonresident defendants in support matters. The narrow construction proposed by defendant is not as logical as our more liberal interpretation because it is settled that where a former judgment makes a valid award of alimony or support, continuing jurisdiction applies and is available for asserting jurisdiction over a nonresident defendant. See and compare Imperial v. Hardy, 302 So.2d 5 (La.1974); Holden v. Holden, 374 So.2d 749 (La.App. 3d Cir.1979); Defatta v. Defatta, 352 So.2d 287 (La.App. 2d Cir.1977) and cases cited therein. Therefore, no real extension of jurisdiction over nonresidents would have been obtained by the enactment of this provision for such a limited purpose.
Id. at 516.
To the extent the Hirsch holding can be extended to the present facts, we decline to apply it and subscribe to the reasoning of the Second Circuit in Stuckey. However, we note that Hirsch need not be read as broadly as the defendant in Stuckey or as the defendant here would have it read.
In Hirsch, the wife served the nonresident husband under LSA-C.C.P. art. 6 through an attorney appointed to represent him under LSA-C.C.P. art. 5091. According to Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975), where personal jurisdiction is based upon the Long Arm Statute, a valid service may only be made by certified mail under R.S. 13:3204, and may not be made upon a court-appointed attorney under LSA-C.C.P. art. 5091. Thus, the conclusion in Hirsch that the use of the Long Arm Statute would violate due process is consistent with the holding in Ray, and the result is therefore correct on the facts.
Accordingly, we conclude that the trial court erroneously dismissed plaintiff's suit after sustaining the declinatory exceptions on the basis of the holding in Hirsch. However, the trial court correctly sustained the exceptions on other grounds. As defendant correctly points out, the State's petition is completely devoid of any factual allegations that Michelle was conceived while defendant either "resided in or was in" this state, the express statutory "minimum contacts" necessary to establish jurisdiction over a nonresident defendant in a paternity suit under R.S. 13:3201(g).[3] Particularly, the petition does not allege whether the parties' sexual relationship occurred wholly or partially in this state, whether Michelle was conceived or born in *561 this state, or whether the defendant ever resided in or was in this state.
However, under LSA-C.C.P. art. 932,
When the grounds of the objection pleaded in the declinatory exception may be removed by amendment of the petition or other action by the plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
Our jurisprudence uniformly construes this provision to require the trial court to give plaintiff an opportunity to cure the jurisdictional defects of his petition by amendment. See Tano Corp. v. Phacts Leasing Co., Inc., 399 So.2d 214 (La.App. 1st Cir. 1981); Ticheli v. Silmon, 304 So.2d 792 (La.App. 2nd Cir.1974); Simas v. Hicks, 381 So.2d 949 (La.App. 3rd Cir.1980); Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4th Cir.1982).[4]
For the foregoing reasons, we remand this case to the trial court to grant leave to the State to amend its petition within a fixed time after our judgment becomes final. All costs of these proceedings are assessed against the appellee.
REVERSED AND REMANDED.
NOTES
[1] In the Notice of Appeal, the court reporter's typewritten estimation of the costs of the hearing indicates that no testimony was taken: "Estimated Costs: (noneno testimony, argument only)." The court minutes reflect this also, as indicated above. It is the apparent practice of the Family Court not to transcribe proceedings where arguments only are heard.
[2] This argument confuses "continuing jurisdiction" available to a court exercising personal jurisdiction under art. 6 of the Code of Civil Procedure with long arm jurisdiction under R.S. 13:3201 et seq. See Parker v. Parker, 382 So.2d 201, 202, n. 1 (La.App. 2nd Cir.1980).
[3] The trial court did not hold R.S. 13:3201(g) unconstitutional on its face, as noted above, nor has the defendant raised this argument on appeal. We will therefore presume that the statute is facially valid. See Everett v. Goldman, 359 So.2d 1256 (La.1978); Stuckey, 434 So.2d 513; cf. Singlemann v. Davis, 240 La. 929, 125 So.2d 414 (1960). Consequently, we need not decide, as plaintiff urges, whether an act of conception within this state constitutes sufficient "minimum contacts" under the due process clause of the Fourteenth Amendment.
[4] The newly created Fifth Circuit has yet to rule on the issue.