CARTER, Judge.
This matter is before this court on a writ of certiorari.
FACTS
Lola Mae Willis and Wilmer Willis were married on December 22, 1946, in Hamburg, Louisiana, and thereafter established their matrimonial domicile in East Baton Rouge Parish. Sometime prior to 1985, the parties began living separate and apart. After the parties physically separated, Wilmer Willis moved to Tuscon, Arizona, where he has resided continuously since 1984. Lola Mae Willis continued to reside and still resides in Louisiana.
While residing in Arizona, Wilmer Willis filed suit for dissolution of the marriage and obtained a judgment granting him a divorce from Lola Mae Willis. The judgment did not assign fault to either party, nor did it award either party spousal maintenance or alimony. No judgment has ever been rendered awarding Lola Mae Willis alimony from Wilmer Willis.
On June 2, 1987, Lola Mae Willis filed suit for alimony in East Baton Rouge Parish. In her petition, Lola Mae Willis asserted personal jurisdiction over Wilmer Willis pursuant to LSA-R.S. 13:3201A(6). Thereupon, Wilmer Willis filed a declinatory ex *478 ception pleading the objection of the court’s lack of jurisdiction over the person of the defendant. After hearing, the trial judge rendered judgment dismissing the exception pleading the objection of lack of personal jurisdiction.
Wilmer Willis thereafter applied for a writ of certiorari, which this court granted. The issue before us is whether the Louisiana court has personal jurisdiction over Wilmer Willis under LSA-R.S. 13:3201 A(6).
LSA-R.S. 13:3201 A(6) provides as follows:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(6) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
In Hirsch v. Hirsch, 378 So.2d 539 (La. App. 4th Cir.1979), the plaintiff/wife attempted to obtain an alimony judgment against her absentee husband through the appointment of a curator. The court held the district court did not have in personam jurisdiction over a nonresident in a post-divorce alimony suit. The court cited the long-arm statute and stated the following:
We hold that this does not authorize the use of the long arm statute for a proceeding seeking Article 160 alimony for the first time after a divorce has been obtained as such would be an unconstitutional breach of due process. [378 So.2d at 542-543].
The court determined that because the wife had not obtained an original grant of alimony as an incidental demand while the court had jurisdiction over her husband for the divorce action, her claim for post-divorce alimony was a new one. Jurisdiction did not continue for those purposes.
However, in Stuckey v. Stuckey, 434 So.2d 513 (La.App. 2nd Cir.1983), writ denied 440 So.2d 145 (La.1983), the court determined that Louisiana courts could assert in personam jurisdiction over a nonresident defendant in an original action for post-divorce alimony. The court reasoned the long-arm statute must be interpreted as extending jurisdiction over nonresident defendants in support matters to the maximum limits of due process, i.e. to any nonresident who has “minimum contacts” with this state. The court declined to follow Hirsch, which it admitted could not be factually distinguished. However, the court gave the following reasons for not following the earlier case:
To interpret this provision to only apply to those cases where a former award of alimony has been made would circumvent interpreting it liberally in favor of finding jurisdiction and would also fail to give effect to the legislature’s clear intention to permit courts of this state, through the use of the Long Arm Statute, to tap the full potential of jurisdiction in personam over nonresidents. Furthermore, such a narrow construction would render less beneficial the utilization of this section of the statute in support cases.... The narrow construction proposed by defendant is not as logical as our more liberal interpretation because it is settled that where a former judgment makes a valid award of alimony or support, continuing jurisdiction applies and is available for asserting jurisdiction over a nonresident defendant. Therefore, no real extension of jurisdiction over nonresidents would have been' obtained by the enactment of this provision for such a limited purpose. (Citations omitted) [434 So.2d at 516].
In 1987, the Louisiana Legislature amended the long-arm statute by Acts 1987, No. 418 § 1, effective September 1, 1987, to add LSA-R.S. 13:3201 B, which provides:
B. In addition to the provisions of [13:3201A], a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States.
The 1987 amendment was designed to ensure that the long-arm jurisdiction of *479 a Louisiana court extends to the limits allowed by due process. See Official Comment Acts 1987, No. 418. When constitutional requirements of due process have been met, there is no longer a need to inquire into whether the defendant’s conduct falls within the reach of the long-arm statute. Now, under the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of the Louisiana long-arm statute and the limits of constitutional due process are now coextensive. See Petroleum Helicopters, Inc. v. Avco Corporation, 513 So.2d 1188 (La.1987). This provision has also been construed to have retroactive application. Petroleum Helicopters, Inc. v. Avco Corporation, supra.
Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Stuckey v. Stuckey, supra. LSA-R.S. 13:3201 A(6) provides for the requisite “minimum contacts” by requiring that the spouses must have formerly resided together in this state. And, if the parties resided together in Louisiana prior to obtaining a divorce, the minimum contacts of the nonresident defendant with Louisiana exceed the statutory requirements. Stuckey v. Stuckey, supra.
In the instant case, Lola Mae Willis and Wilmer Willis formerly resided together in this state. Clearly, Louisiana had sufficient “minimum contacts” with Wilmer Willis to establish personal jurisdiction over this Arizona defendant.[1]
CONCLUSION
For the above reasons, the writ of certio-rari previously issued by this court is recalled, and the cause is remanded to the trial court for further proceedings. All costs of these proceedings are assessed against Wilmer Willis.
WRIT RECALLED, CAUSE REMANDED.

. We note that Stuckey v. Stuckey, 434 So.2d 513 (La.App. 2nd Cir.1983) was decided prior to the amendment to LSA-R.S. 13:3201 in 1987.